## Southeastern School District v. Abremski (No. 2)

*Frank B. Boyle*, for School District.
*Edward B. Golla*, and *Tive, Hetrick & Pierce*, for appellants.

ERB, *J.*, September 19, 1979—This matter is before the court on an appeal by Stanley Abremski, Jr., and Christopher Abremski, minors, by Stanley C. Abremski, guardian, hereinafter called Abremskis, from the action by the full board of Southeastern School District Board of Directors, hereinafter called board, on February 21, 1979, expelling Abremskis for a period from February 14, 1979, to March 30, 1979. Argument was presented to the court en banc for whom this opinion is written.

The background of this case begins on January 31, 1979, when the Abremskis were suspended from school by their respective principals for the smoking of marijuana on a school bus, which allegedly took place on January 29, 1979. The suspension was for ten days. On February 2, 1979, Abremskis filed injunctive proceedings with this court requesting that they be returned to school, pending a hearing. The school district agreed to allow their return, which occurred on the fourth day after their suspension. On February 13, 1979, a hearing was held before a duly appointed three

member committee of the board, and after the Abremskis admitted their smoking marijuana on advice of counsel, who was present at the hearing, they were expelled from February 14, 1979, to March 30, 1979. Abremskis again filed injunctive proceedings and again they were returned to school pending a full board determination, on February 21, 1979, after giving due notice to the Abremskis' parents. The board took action adopting the action of the committee, from which the present appeal was taken.

On March 13, 1979, the school district received a letter from the parents of the Abremskis advising that they were unable to provide an alternate means of education. The district then provided instruction on Thursday of each week for one and one-half hours with assignments given on each subject.

Since a school district is a local agency under the Local Agency Law, 2 Pa.C.S.A. §751 et seq., this appeal is governed by section 754 of that act defining the procedure for the delineation of an appeal and the limitations placed on the court insofar as the adjudication of the board.

In Giles Appeal from Marple Newtown School District, 27 Pa. Commonwealth Ct. 588, 367 A. 2d 399 (1976), the court held that a court of common pleas, in reviewing a decision of a school board in such an appeal on the record before it, cannot modify the penalty even if considered too severe, but can reverse the action taken by a school board only where it finds constitutional rights have been violated, an error of law was committed, or a finding of fact was not supported by the evidence.

At the hearing scheduled before the board committee on February 13, 1979, defendants, after testimony was taken from a third student, admitted

that they had been smoking marijuana. This admission was in the presence of and with the advice of counsel. The court, therefore, need not concern itself with whether the action of the committee or the subsequent action of the board was based on sufficient evidence. Further, since the Abremskis admitted the activity without the necessity of further evidence, we will not consider the background of the original search of the Abremskis since this question was not raised in the proceeding before the board. We need only review whether the action of the board, based on the admitted behavior, was arbitrary, capricious, or excessive.

While the illegal activity of the Abremskis did not take place in the school building, it took place on a school bus in the presence of other students. Busing of school children to and from school is a mandated service provided by a school district. The Act of March 10, 1949, P.L. 30, art. XIII, sec. 1317, as amended, 24 P.S. §13-1317, provides:

"Every teacher, vice principal and principal in the public schools shall have the right to exercise the same authority as to conduct and behavior over the pupils attending a school, during the time they are in attendance, including the time required in going to and from their homes, as the parents, guardians or persons in parental relation to such pupils may exercise over them."

We need not elaborate on the necessity to require students to abide by basic rules of discipline for maintaining an atmosphere conducive to learning. A good educational program can be achieved only where those in charge of that program can maintain discipline, student health, and an orderly academic environment.

Possession of marijuana is an offense under The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, sec. 1, 35 P.S. §780.101. The use of drugs among school children is and has been, in recent years, a matter of grave concern not only for school officials but for parents. The use of drugs by students in the school environment not only is illegal but may be conducive to other students to follow the example set by their use. Certainly for the school administration to ignore or treat lightly such violations of the law would promote an atmosphere of condoning such conduct, which in turn would facilitate further violation.

We, therefore, concur with the ruling of President Judge George Atkins in Landis v. Dallastown Area School District, 61 D. & C. 2d 649 (1973), that a suspension of a student of 43 days for the possession of marijuana was not arbitrary.

Finally, the Abremskis argue that the alternative education supplied for them was not sufficient. Abremskis contend that it is mandatory that, if they are not admitted to another public school or cannot afford a private education, the school district is required either to readmit them or provide tutorial assistance on an hour-for-hour basis for each hour from which appellants have been excluded. They argue that this is required by the regulations of the Department of Education, section 12.6(h), 22 Pa. Code §12.6(h). This section provides:

"(h) Students who are less than 17 years of age are still subject to the compulsory school attendance law even though expelled, and must attend school. The responsibility for placing the student in school rests initially with the student's parents or

guardian. However, if the student is unable to attend another public school, cannot afford to attend, or is unable to be accepted at a private school, the student's school district has the responsibility to make some provision for the child's education, either through instruction in the home or by readmitting the child. If none of these alternatives is acceptable, the school district must take action in accordance with the provisions of the Juvenile Act (11 P.S. §50-101 et seq.) to ensure that the child will receive a proper education."

The regulation does not specify the nature of the home instruction. We note, however, that the regulations indicate that the "school district has the responsibility to make *some* provision for the child's education." This language hardly contemplates the specifics of that provision.

The school district, here, has provided the same educational program to these students as it had to other students who have been expelled. It included the assignment of work to be performed at home and one and one-half hours of instruction and counseling each week to address the homework accomplished.

We find that the program meets the broad requirements of the regulations and therefore conclude that the Abremskis' position is not valid.

Accordingly, we enter the following

## ORDER

And now, Septemberr 19, 1979, the appeal taken by Stanley Abremski, Jr., and Christopher Abremski, minors, by their guardian, Stanley Abremski, from their expulsion by the Southeastern School District Board of Directors, is refused and denied.