In Re: Cary S. Giles, Appeal From the Findings of the Marple Newtown School District Board of Directors. Marple Newtown School District Board of Directors, Appellant.

Argued October 4, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Vram Nedurian, Jr.,* for appellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, December 20, 1976:

On April 10, 1975, a 16-year-old student at Marple Newtown Senior High School was discovered smoking marijuana. On his person were cigarette rolling devices, papers, and 28.6 grams of marijuana in four plastic bags. After school officials contacted the student's mother, he was suspended from school pending a hearing on the matter. That hearing was held on April 24, 1975 before the Marple Newtown School District Board of Directors (Board). The proceeding was bifurcated, and the student, who was represented by counsel, did not contest his culpability but, in effect, asked for the Board's mercy in imposing a penalty. The Board voted five to three to expel the student permanently through the 12th grade but agreed to provide homebound instruction through the end of the 11th grade year at the School District's expense. A complete record was made of the proceedings before the Board. The Court of Common Pleas of Delaware County, on appeal, modified the penalty by ordering reinstatement of the student on December 8, 1975. The Board has appealed.[1]

---

[1] The student's counsel did not file a brief or appear for argument before this Court, although he was requested to file a brief and was notified of the time and place of argument.

Under Section 8(b) of the Local Agency Law[2] (Act), the lower court's scope of review is limited:

(b) In the event a full and complete record of the proceedings before the local agency was made, the court to which the appeal is taken shall hear the appeal without a jury on the record certified by the local agency. After hearing, the court shall affirm the adjudication unless it shall find that the same is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of this act have been violated in the proceeding before the agency, or that any finding of fact made by the local agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may set it aside or modify it, in whole, or in part, or may remand the proceeding to the local agency for further disposition in accordance with the order of the court.

The Court below found no violation of constitutional rights, and no error of law or violation of the Act, nor did it hold that any findings of fact were unsupported by substantial evidence. It is clear that the lower court believed that under the facts of this case the punishment was too severe. In so holding, the lower court erroneously, if compassionately, overstepped the proper boundaries of its review. We must therefore reverse.

The Board conducted, in our view, a hearing which was a model of proper procedure and fair play. In several instances, the Board expressed sympathy for the young man's plight. The Board is charged, however, with responsibility for the safety of all members of the school community. A majority of the Board undoubtedly concluded that the student, who obtained

---

[2] Act of December 2, 1968, P.L. 1133, 53 P.S. §11308(b).

the marijuana while visiting an older brother in Philadelphia, could serve as a conduit for unlawful substances, thereby creating a possible hazard to the school at large. A reviewing court cannot interfere with the judgment of school authorities under such circumstances.

Order reversed.

## ORDER

Now, this 20th day of December, 1976, the order of the Court of Common Pleas of Delaware County in the above captioned case is reversed.

---

DISSENTING OPINION BY JUDGE ROGERS:

The 16 year old youth who in this case was expelled from high school was ably represented by counsel at the school board hearing and in the court below. This representation at the appeal below we may fairly assume contributed to the court's modification of the school board's order of expulsion.

The school board appealed the lower court's order to this Court and the student's lawyer entered his appearance. At or about the time the case was listed for argument, as this writer understands the facts, an officer of this Court talked with the student's lawyer concerning the fact that no appellee's brief had been filed and was told by that counsel that he would appear for argument and submit an appellee's brief at that time. As the majority points out, no one appeared for the appellee at the argument. The appellant school board, of course, has briefed and argued its cause; successfully as it turns out.

I do not think that we should have decided this case without further inquiry of the student's lawyer as to his intentions and, if it is his purpose to abandon the cause, without notice to the student or his

family of an opportunity to be heard in this Court, if necessary, by the proficient and readily available offices of the Delaware County Legal Assistance Association.

Being of the opinion that we should not have decided the case at this time and in these circumstances, I must respectfully dissent.