Stanley Abremski, Jr. and Christopher Abremski, Minors, by Stanley C. Abremski, Guardian, Appellants *v.* Southeastern School District Board of Directors, Appellee.

Argued September 11, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Edward G. Puleo,* with him *Edward B. Golla,* for appellants.

*Frank B. Boyle,* for appellee.

OPINION BY JUDGE MENCER, October 17, 1980:

This appeal is by two students, Stanley Abremski, Jr., and Christopher Abremski, by their guardian, Stanley C. Abremski (appellants) from an order of the Court of Common Pleas of York County which upheld the decision of the Southeastern School District Board of Directors (Board) to expel Stanley and Christopher for a period of time from February 21, 1978 to March 30, 1978 because they had been smoking marijuana on a school bus while enroute from the school to their home. We affirm.

On January 29, 1979, the appellants and another student were observed smoking on the school bus. The next evening they were detained after school at the office of the principal of the Kennard-Dale High School, which is a part of the Southeastern School Dis-

trict. Conflicting accounts of this detention have been set forth in the briefs, but the record is barren of evidence on this aspect of the matter. Both sides agree, however, that after about two hours it was determined that the appellants had been smoking marijuana on the school bus, and they were suspended from school for a period of ten days. Before this suspension had been fulfilled, the appellants were reinstated pending the outcome of a disciplinary hearing before the Board. A disciplinary committee of the Board met on February 13, 1978 to take evidence, and at least thirteen witnesses were present. Without examining any of the witnesses, the appellants voluntarily admitted their involvement in the marijuana-smoking incident.

The disciplinary committee recommended that the appellants be expelled from school and given the opportunity to apply for readmission at the start of the next grading period (March 31, 1978). School officials immediately imposed the sanction, but after two days the appellants were again reinstated pending action by the full Board. On February 21, 1978, the Board ratified and implemented the recommendations of the disciplinary committee. The appellants were expelled for the balance of the grading period, and the school administration made arrangements for the appellants to engage in home study during the term of the expulsion, with a weekly counselling session of one and one-half hours to take place on school grounds. The expulsion was appealed to the Court of Common Pleas of York County, which upheld the action of the Board.

The appellants are contending that (1) they were denied due process under the United States Constitution; (2) the Board's action was not authorized by the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq.; (3) the penalty was inappropriate for the conduct involved; and (4) the alternate education provided during the

expulsion period was insufficient. None of these contentions has merit.

## I.

There were no violations of the federal constitutional rights of the appellants which would require reversal in this case. In their pleadings and brief, the appellants make several factual allegations of such violations by school employees during the investigation of this incident. All of these allegations concern conduct which took place prior to the formal hearing by the Board's disciplinary committee on February 13, 1978. At that hearing, the appellants had the opportunity to present evidence and examine witnesses as to the conduct of the investigation. The appellants chose instead to waive the taking of testimony and voluntarily admitted their culpability on the advice of their parents and legal counsel. As a result of this waiver by the appellants, there is no evidence in the record from which we could find federal constitutional infirmities.[1]

We would note in passing that, if this had been a criminal action and the appellants had entered pleas of guilty under identical circumstances, the only basis on which they could have sought to withdraw those pleas after sentencing would have been by showing that the pleas were entered without effective assistance of counsel. *Commonwealth v. Maute*, 263 Pa. Superior Ct. 220, 397 A.2d 826 (1979). Understandably, such an allegation was not raised here, nor would it have been supported by the record.

We must be mindful that this is not a criminal proceeding but an administrative one. The United States Supreme Court has said, in the context of a school sus-

---

[1] It is well settled that we may not consider statements of fact, apart from the record, made in the briefs of the parties. *See Dougherty v. Wood*, 105 Pa. Superior Ct. 1, 158 A. 203 (1932).

pension hearing, that the requirements of due process are flexible. Even for a ten-day suspension, there is no federal constitutional mandate for advance notice or an adversarial hearing, much less a right to counsel, so long as *some* form of notice and *some* form of hearing are provided. *Goss v. Lopez,* 419 U.S. 565, 579 (1975). Because the administrative hearing in this case did not require the same degree of due process protection as a criminal proceeding would have required, a fortiori, conduct which would constitute a waiver of constitutional objections in a criminal proceeding also constitutes a waiver in this administrative proceeding. Therefore, no federal constitutional deficiencies prior to the appellants' admissions of culpability may be asserted in this appeal.

## II.

The action of the Board was authorized by the Public School Code of 1949. In our decision of *Appeal of Marple Newtown School District,* 27 Pa. Commonwealth Ct. 588, 367 A.2d 399 (1976), we held that, where a school board imposed a permanent expulsion on a student who was caught smoking and possessing marijuana, that expulsion could not be overturned on appeal, absent a violation of the student's constitutional rights, an error of law, or a violation of applicable statutory provisions. *Id.* at 590, 367 A.2d at 400. Implicit in that holding is a recognition of the power of local school boards to impose disciplinary sanctions, including expulsion, for the drug-related activities of their students during the time those students are in attendance at school. Such activities clearly constitute a serious breach of discipline regardless of their "nonviolent" nature.

The appellants assert that the Board was without authority to impose sanctions in this case because the activity in question took place on a school bus during the trip home after school had been dismissed for the

day. Section 1317 of the Public School Code of 1949, 24 P.S. §13-1317, clearly gives school teachers, principals, and vice principals the right to exercise authority over pupils "during the time they are in attendance, *including the time required in going to and from their homes.*" (Emphasis added.) This language would be without meaning if the Board did not also have the power to impose sanctions for the improper conduct of students during the same period of time. Therefore, we find that the Board did have the authority to impose sanctions in this case.

### III.

An expulsion for more than forty days was not an improper sanction for smoking marijuana. Section 1318 of the Public School Code of 1949, 24 P.S. §13-1318, provides that "[t]he board may, after a proper hearing, suspend such child for such time as it may determine, or may permanently expel him.'' This provision gives broad discretion to the local school board to impose what it feels to be a proper penalty, considering the circumstances. In this case, the Board determined that the appellants should be expelled but would be considered for readmittance at the beginning of the next grading period. This sanction was well within the limits of discretion allowed the Board by Section 1318.

### IV.

The alternative education provided by the Southeastern School District was sufficient to satisfy the requirements of the Department of Education.[2] The Public School Code of 1949 neither mandates nor pro-

---

[2] We are not convinced that the issue of alternate education is properly before this court, but we have considered the merits for the sake of judicial economy. The appellants did not make formal complaint before the Board concerning the adequacy of the provisions for alternative education, nor did they request that any record be preserved concerning this issue. Neither the Public School Code of

hibits alternative education for expelled students. Indeed, it makes no mention of alternative education for students who have been expelled. Nonetheless, the Department of Education has promulgated regulations which require that "the student's school district has the responsibility to make *some provision* for the child's education." 22 Pa. Code §12.6(h) (emphasis added). The regulations do not define the phrase "some provision." We interpret this regulation as allowing local school officials to determine the amount and type of alternate instruction necessary and appropriate in each case. Here, the administration decided that a combination of assigned home study and weekly in-school counselling would be adequate. The lower court found nothing to indicate that this decision constituted an abuse of discretion. Our review causes us to reach the same conclusion.

Order affirmed.

ORDER

AND Now, this 17th day of October, 1980, the order of the Court of Common Pleas of York County, dated September 19, 1979, refusing and denying the appeal of Stanley Abremski, Jr., and Christopher Abremski, minors, by Stanley C. Abremski, guardian, from their expulsion by the Southeastern School District Board of Directors, is hereby affirmed.

1949 nor the regulations of the Department of Education specify expressly a procedure for challenging the decision of a school district concerning provisions for alternate education for an expelled student, and the record is unclear as to whether these provisions were initially made by the Board or by the administration. If this was a Board determination, then it was proper for the appellants to initially raise the issue before the Court of Common Pleas of York County as part of their appeal. But if this decision was made by the school administrators, then the appellants should have requested formal consideration by the Board so that a record could have been made. Having failed to raise the issue before the Board, then the appellants would have waived the right to raise it on appeal.