Big Spring School District Board of Directors, Appellant *v.* Dawn Evette Hoffman, a minor by her guardians, Ray and Frances Hershey, Appellees.

Argued January 28, 1985, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Frances H. Del Duca, Faller & Del Duca,* for appellant.

*Dale F. Shughart, Fowler, Addams, Shughart & Rundle,* for appellees.

*Mark P. Widoff, Widoff, Reager, Selkowitz & Adler, P.C.,* for Amicus Curiae, Pennsylvania Associations of Elementary and Secondary School Principals.

OPINION BY JUDGE MACPHAIL, March 28, 1985:

Big Spring School District (School District) appeals from a Cumberland County Court of Common Pleas decision which reversed the decision by the School District's Board of Directors (Board) to expel Dawn Evette Hoffman (Appellee) from Big Spring Middle School for the possession and distribution of a substance prohibited by the School District.

On February 9, 1984, Appellee was charged by the School District for the consumption and distribution

of a substance alleged to be "speed,"[1] in violation of School District Policy No. 5340.1o. Under this policy, a student could be expelled for the following:

> possessing, using, selling, giving, delivering to another person or consuming any narcotic, dangerous drug, marijuana, alcoholic beverage or any pill, capsule, powder, liquid, or other substance of whatever form or texture, which may adversely affect the health, safety, or welfare of any student, including but not limited to stimulants or depressants, prior to or during participation in a school activity.

Following an interview with Appellee conducted by the principal which resulted in a statement written by the principal and signed by the Appellee, an informal hearing was held at the school. Those present at the hearing included the principal, assistant principal, Appellee, Appellee's guardians, Appellee's counsel, a probation officer, and a representative from Children's Services. At the hearing the principal stated that Appellee told him that she had bought five pills from another student named Linda for one dollar because Linda told her these pills would keep her awake; that she sold two pills to another student for thirty-one cents, consumed one pill and threw two pills away; that the pills were white with blue dots, marked with 20/20; and when the principal asked her what the pills were, she said, "I know what they are. They are 'speed.'"

When Appellee's attorney asked the principal if he knew that these pills were in fact speed, the principal

---

[1] The word "speed" is loosely used in common parlance but usually refers to a narcotic substance used to alter human behavior. Webster's New Collegiate Dictionary 1117 (1976) defines "speed" as a "methamphetamine." "Methamphetamine" is defined in Webster's Third International Dictionary 1422 (1966) as "a stimulant for the central nervous system."

replied "I know the pill to be 'speed,' based on what they told me it was, based on what the mother told me. *Linda's mother told me that the pill was caffeine.* It was obtained through a mail-order catalog." (Emphasis in original.)

At the conclusion of the informal hearing, the principal suspended Appellee for ten full school days and notified Appellee that a formal hearing before the Board would be held on March 1, 1984. Appellee was duly notified that the formal charges against her were as follows:

The possession and distribution of a substance prohibited under Policy No. 5340.1o of the Big Spring School District.

At the formal hearing, the principal testified that Appellee admitted she purchased five pills for one dollar, that she consumed one, sold two, threw two away, and that she said the pills were speed. Appellee, who was not represented by counsel at this hearing, only stated that she knew of the School District's policy regarding the possession and distribution of prohibited substances. The Board found that Appellee possessed and distributed "a substance prohibited under Policy No. 5340.1o" and expelled her for thirty days, which included the ten day suspension, and excluded her from participating in extracurricular activities for two years.

Appellee appealed the Board's decision to the common pleas court on April 3, 1984.[2] A hearing was held on April 26, 1984, at which time Appellee maintained that the Board's record was incomplete and made an

---

[2] The common pleas court on the same day stayed the Board's decision and set a hearing on the merits of the case for April 26, 1984. The School District filed a motion to dismiss the stay. A hearing was held on April 6, at which time the common pleas court denied the School District's motion and stayed the Board's decision

offer to present the testimony of a state police officer that five pills of "speed" cannot be purchased for one dollar. The School District objected to this evidence on the ground that the disciplinary action against Appellee did not rest upon a conclusion that the substance was "speed," rather that the disciplinary action rested solely on a finding that Appellee possessed and distributed a harmful substance believed to be *caffeine*. Since the School District was not contending that the disciplinary action rested upon a conclusion that the substance was speed, the Appellee withdrew the offer of the officer's testimony. The School District wanted to offer the testimony of the superintendent regarding the adoption of Policy No. 5340.1o, but the common pleas court disallowed this testimony because the adoption of this policy was not being challenged. Because of these rulings, no testimony was taken at the hearing. The common pleas court stated that it would exercise its review based upon the transcript certified to the court by the Board.

. The common pleas court, relying on the transcript of the formal hearing,[3] found that the Board expelled Appellee based upon a finding that the substance was speed, because speed was the only substance referred to at the formal hearing. The common pleas court reversed the Board's decision because the fact finding that Appellee possessed and distributed a prohibited substance was not supported by substantial evidence. The common pleas court reasoned that the only evi-

pending a hearing on the merits. The School District appealed this stay order to this Court on April 23, 1984, and Appellee moved to quash this appeal. On June 29, 1984, this Court granted Appellee's motion to quash; therefore, the issue of whether the common pleas court improperly stayed the Board's decision is not before us.

[3] Pursuant to 22 Pa. Code §12.8(b), a formal hearing is required before a student can be expelled by the Board.

dence before the Board was the principal's statement that Appellee told him the pills were speed, and that as a matter of record, the Appellee had no way of knowing what the pills were. The common pleas court noted that even if the prohibited substance was caffeine, the Board's decision again could not be supported by substantial evidence because the formal record was devoid of any reference to caffeine. Since the Board's decision did not set forth what prohibited substance Appellee was found to have possessed and distributed in violation of Policy No. 5340.1o, the common pleas court found insubstantial evidence to expel Appellee. The common pleas court also stated that Appellee's due process rights were violated because the Board's written charges did not put Appellee on notice as to what prohibited substance she was alleged to have possessed and distributed in violation of Policy No. 5340.1o.[4] This appeal followed.

This extensive recitation of the facts and procedural history is necessary for us to exercise our review. Since the common pleas court took no additional evidence and a complete record was made before the Board, our review is to determine whether in the proceedings before the Board constitutional rights were violated, or an error of law committed, and whether necessary fact findings are supported by substantial evidence. Section 754(b) of the Local Agency Law (Law), 2 Pa. C. S. §754(b).

It is undisputed that the Board is a local agency and that a final decision by a local agency is an ad-

---

[4] It is admitted by Appellee that the due process issue was not raised in the appeal to the court of common pleas. Since it was improper for the trial court to address an unpresented issue, *Weigand v. Weigand*, 461 Pa. 482, 337 A.2d 256 (1975), the trial court's decision with respect thereto must be set aside. If the issue is properly raised in conjunction with our remand order, it then will be properly before us for appellate review.

judication.[5]  Section 555 of the Law, 2 Pa. C. S. §555, specifically states that "All adjudications of a local agency shall be in writing, shall contain *findings* and the *reasons* for the adjudication, and shall be served upon all parties or their counsel personally, or by mail" (emphasis added). The Board's decision to expel Appellee in the instant case was as follows:

Guilty of the charge—Possession and distribution of a substance prohibited under Policy No. 5340.1o of the Big Spring School District.

Recommended Action—Expulsion for thirty (30) days—interpreted to include the ten (10) day suspension already in force, and exclusion from participation in all extracurricular activities for two (2) years.

It is thus apparent that the Board's decision is completely devoid of any findings or reasons for its decision to expel Appellee for violating Policy No. 5340.1o. The Board's adjudication, therefore, is invalid under Section 555 of the Law, 2 Pa. C. S. §555.

Our scope of review is identical to that exercised by the common pleas court. While the common pleas court was correct in reviewing the instant case on the complete record by the Board pursuant to Section 754(b) of the Law, 2 Pa. C. S. §754(b), the common pleas court should not have found that the Board expelled Appellee based on a finding that the substance was speed because the Board did not make such a finding. Instead of reversing the Board because there was insubstantial evidence to expel Appellee, the com-

---

[5] A local agency is defined as "A government agency other than a Commonwealth agency" and an adjudication is defined as "Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilites or obligations of any or all of the parties to the proceeding in which the adjudication is made." Section 101 of the Law, 2 Pa. C. S. §101.

mon pleas court should have remanded to the Board for written findings and reasons for its adjudication.

When an appealed adjudication from a local agency is not accompanied by written findings and reasons, we must remand to the agency to make such findings and set forth such reasons. *Madeja v. Whitehall Township,* 73 Pa. Commonwealth Ct. 34, 41, 457 A.2d 603, 606 (1983). We, therefore, must remand to the court of common pleas for further remand for the Board to make a valid adjudication.

### ORDER

The order of the Court of Common Pleas of Cumberland County, No. 929 Civil 1984, dated May 21, 1984 is vacated and remanded to the court of common pleas for further proceedings consistent with this opinion.

Jurisdiction relinquished.

Judge WILLIAMS, JR., did not participate in the decision in this case.