**Mona GILES, on Behalf of
Chris GILES, a minor**

v.

**BROOKVILLE AREA SCHOOL
DISTRICT, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 16, 1995.

Decided Dec. 28, 1995.

---

Gerald C. Bish, for appellant.

D. Shawn White, for appellee.

Before DOYLE and NEWMAN, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Brookville Area School District (District) appeals an order from the Court of Common Pleas of Jefferson County directing Brookville Area High School (School) to readmit student Chris Giles immediately.

Giles is a ninth grade student at the School. During fifth period German class, Giles offered to sell and James Guild, another student, agreed to purchase marijuana to be delivered at Giles' home on a subsequent date. On or about Sunday, February 26, 1995, at Giles' home, Giles sold the marijuana to Guild in exchange for forty dollars. Subsequently, on school property but unknown to Giles, Guild resold some of the marijuana to two other students who were ultimately caught smoking it on campus. The two students then identified Guild as the one who sold them the marijuana, and Guild, in turn, identified Giles as the original source of the marijuana. Giles subsequently confessed to the Brookville Police Department that he had originally sold the marijuana to Guild.

On March 17, 1995, a hearing was held by the School Board. The Board found that

although the ultimate sale between Giles and Guild occurred off school premises, Giles facilitated the resale on-campus and was an accessory thereto. (Board's Findings of Fact Nos. 13–16; Reproduced Record (R.R.) at 18a–19a.) Accordingly, on March 20, 1995, the School Board voted unanimously to expel Giles for the remainder of the current academic year and all of the 1995–96 academic year for violating the District's drug and alcohol policy. On April 20, 1995, Monica Giles, on behalf of Chris Giles, filed an appeal under the Local Agency Law[1] in the Court of Common Pleas of Jefferson County, in which the case was heard de novo, by agreement of counsel. By an Opinion and Order dated April 27, 1995, the court granted Giles' appeal and ordered that Chris Giles be readmitted to school immediately, based on the court's determination that the Giles–Guild sale was totally off school premises and that Giles was not an accessory to the subsequent on-campus resale of the same marijuana. The District's appeal to this Court followed.

■ On appeal[2], the District argues that the trial court erred in ordering Giles reinstatement: (1) because the conversation between Giles and Guild on school premises during fifth period German class in which Giles offered to sell marijuana to Guild and in which Guild agreed to purchase the marijuana constitutes the sale of drugs on school property for which the District has the authority to expel students pursuant to Section 510 of the Pennsylvania School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 5–510; and (2) alternatively, because the District has the authority to expel a student for off-campus drug sales as part of its responsibility for the health, safety and welfare of its student body pursu-

ant to Section 1318 of the Code, 24 P.S. § 13–1318.

Section 510 of the Code provides a school board in any school district broad discretion to adopt and enforce rules and regulations regarding student conduct during the time that the students are under school supervision, including time spent on school buses and school sponsored field trips.[3] *Abremski v. Southeastern School District Board of Directors,* 54 Pa.Cmwlth. 292, 421 A.2d 485 (1980). Pursuant to Section 510, the District promulgated the following policy regarding drugs and alcohol, which states in pertinent part:

> The Brookville Area School Board recognizes the use and possession of drugs and/or alcohol as being illegal and detrimental to the health and welfare of the students. Therefore, the Brookville Area School Board directs the following:
>
> . . . .
>
> 4. Violations of these administrative procedures include the possession, use, sale, distribution or mimicking the possession, use, sale, or distribution of drugs and/or alcohol, and/or drug paraphernalia as defined and described within the parameters of these procedures. The consequences of such violations may be permanent expulsion from school by the Board of School Directors.

(Brookville Area School District Student Handbook at 18; R.R. at 63a.)

In the instant case, the District argues that notwithstanding the fact that the actual transfer of marijuana in exchange for money occurred off school property, the verbal offer of sale by Giles and the acceptance thereof by Guild while in school constituted a sale of drugs on school grounds, a permissible basis

---

1. 2 Pa.C.S. §§ 551–555, 751–754.

2. "Our scope of review in an appeal brought pursuant to the Local Agency Law, when, as here, the lower court held a de novo hearing, is to affirm the order of the court unless we find that it is in violation of the constitutional rights of the appellant, or that the court manifestly abused its discretion or committed an error of law." *Edwards v. Jersey Shore Area School District,* 7 Pa.Cmwlth. 636, 301 A.2d 116, 117 (1973).

3. Section 510 provides in pertinent part:

> The board of school directors in any school district may adopt and enforce such reasonable rules and regulations as it may deem necessary and proper ... regarding the conduct and deportment of all pupils attending the public schools in the district, during such time as they are under the supervision of the board of school directors and teachers, including the time necessarily spent in coming to and returning from school.
>
> 24 P.S. § 5–510.

for expulsion under the District's drug policy.[4] Conversely, Giles argues that because the "sale" was the actual exchange of money for marijuana which indisputably occurred off school property, he did not violate the District's drug policy which can only reach students' conduct during the time that "they are under the supervision of the board of school directors and teachers." 24 P.S. § 5–510.

■ Initially, we note that " '[w]hen one attacks the action of a school board concerning matters committed by law to its discretion, he has a heavy burden as the courts are not prone to disturb a school board's decision. Indeed, they are without jurisdiction to interfere therewith unless it is apparent that the school board's conduct is arbitrary, capricious and to the prejudice of public interest. Lack of wisdom or mistaken judgment is insufficient.' " *Commonwealth v. Hall,* 309 Pa.Superior Ct. 407, 411, 455 A.2d 674, 676 (1983) (quoting *Farris v. Swetts,* 158 Pa.Superior Ct. 645, 648, 46 A.2d 504, 505 (1946)).

■ In this case, we find that Giles' offer to sell marijuana to Guilds and Guilds' acceptance thereof in school constituted "conduct ... during such time as they were under the supervision of the board of school directors and teachers," 24 P.S. § 5–510, and, therefore, subject to the District's "reasonable rules and regulations" pursuant to Section 510. Certainly the transaction between Guiles and Guild while in their German class on school property was an integral part of the subsequent sale and distribution of the drugs at Giles' home. Accordingly, we conclude that the Board acted within its discretion in interpreting its policy prohibiting the sale of drugs on school property as also proscribing the *agreement* for the sale of drugs on school property, and that the Board had the authority to impose sanctions on Giles in the instant case.

■ Expulsion for more than one school year was not an improper sanction for the selling of marijuana. Section 1318 of the Code provides a school board with broad discretion to expel a student if the board determines that such a penalty is warranted under the particular circumstances so long as the board first conducted a proper hearing.[5] *Abremski.* Giles does not dispute that he was afforded a proper due process hearing before the Board. Further, it cannot be disputed that on-campus drug deals, even if consummated off campus, pose a significant threat to the health and welfare of the student body on-campus by infiltration as in this case. Thus, in light of such a serious offense, we cannot find that Giles' expulsion was without authority or justification. Accordingly, the trial court erred in reinstating Giles.[6]

Order reversed and decision of the Board reinstated.

### *ORDER*

NOW, December 28, 1995, the order of the Court of Common Pleas of Jefferson County in the above-captioned matter is hereby reversed and the decision of the Board is reinstated.

NEWMAN, Judge, dissenting.

I respectfully dissent from the majority opinion because I do not believe the court of common pleas of Jefferson County (trial court) committed an error of law.

The facts are well-summarized by the majority opinion. Essentially, while on school property and during school hours, Chris Giles (Giles) offered to sell marijuana to another student when the other student came to Giles' house. No money or drugs passed between Giles and the other student at the school. Later, the other student went to Giles' house where a deal was struck and

---

4. The District does not contest the trial court's determination that Giles was not an accessory to the subsequent on-campus sale by Guild to two other students. Accordingly, we need only address whether the Giles/Guild sale was "on school property" and, thus, a permissible basis for expulsion.

5. Section 1318 provides that "[t]he board may, after a proper hearing, suspend such child for such time as it may determine, or may permanently expel him." 24 P.S. § 13–1318.

6. Because we find that the District acted within its authority pursuant to Section 510 of the Code, we need not address the District's second argument.

consummated with the exchange of money for marijuana. The other student's re-sale of the marijuana on school property was discovered by school administrators and Giles eventually admitted that he had sold the marijuana at his house to the other student. The District expelled Giles for this sale pursuant the District's written policy prohibiting the sale of drugs on school property, holding that the offer during school hours on school property made the eventual transfer of marijuana for money at Giles' house a sale of drugs on school property.

Mona Giles, Giles' mother, filed an appeal with the trial court under the Local Agency Law.[1] After hearing the case *de novo*, the trial court granted Giles' appeal and ordered his immediate readmission to the District. In so doing, the trial court found the sale of marijuana occurred at the Giles home, off school property and, therefore, is not governed by the District's prohibition against the sale of drugs on school property.

The Brookville Area School District (District) asserts that the trial court's finding of where the sale took place is not supported by the record and urges us to reconsider the evidence and to find that the sale occurred on school property. However, our scope of review when, as here, the trial court hears a case *de novo* is limited to determining whether constitutional rights were violated or whether the trial court manifestly abused its discretion or committed an error of law. *McLaughlin v. Centre County Housing Authority*, 151 Pa.Cmwlth. 292, 616 A.2d 1073, 1074 n. 3 (1992). Here, no constitutional violation or abuse of discretion is alleged. We are therefore limited to an analysis of whether the trial court committed an error of law. I believe that it did not.

As the majority correctly notes, the District policy regarding drugs and alcohol states in pertinent part:

> The Brookville Area School Board recognizes the use and possession of drugs and/or alcohol as being illegal and detrimental to the health and welfare of the students. Therefore, the Brookville Area School Board directs the following:
>
> .    .    .    .    .
>
> 4. Violations of these administrative procedures include the *possession, use, sale, distribution or mimicking the possession, use, sale, or distribution of drugs and/or alcohol, and/or drug paraphernalia* as defined and described within the parameters of these procedures. The consequences of such violations may be permanent expulsion from school by the Board of School Directors.

District Student Handbook, at 18 (emphasis added). It is my belief that the text of the policy does not support a finding that sales conducted off school property may be sanctioned.

The majority holds that the offer to sell extended during school hours constitutes conduct that is subject to the District's reasonable rules and regulations pursuant to Section 510 of the Pennsylvania School Code of 1949 (Code).[2] I may agree. However, I cannot agree that the facts here violate the school regulation *as written*. Specifically, I disagree with the majority that the offer extended during school hours constituted a sale of drugs on school property.

Section 2106 of the Uniform Commercial Code (the UCC), 13 Pa.C.S. § 2106, defines "sale" as follows:

> A 'sale' consists in the passing of title from the seller to the buyer for a price.

Further, Section 2401(2) of the UCC, 13 Pa. C.S. § 2401(2), specifically defines the place and time at which a sale is made under Pennsylvania law as follows:

> Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest . . .

My research indicates that this definition of "sale" is applied with little variation in every context of civil law. *See, inter alia, Brunswick Corporation v. Key Enterprises, Inc.*,

---

1.  2 Pa.C.S. §§ 551–555, 751–754.

2.  Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 5–510.

431 Pa. 15, 244 A.2d 658 (1968); *Mericle v. Wolf,* 386 Pa.Superior Ct. 82, 562 A.2d 364 (1989); *E–Z–Parks, Inc. v. Larson,* 91 Pa. Cmwlth. 600, 498 A.2d 1364 (1985); *and see, generally,* Black's Law Dictionary, 5th ed.

Because physical delivery of both the goods and the consideration occurred at Giles' home, I must conclude that the sale of the marijuana entirely took place there. Because the District policy does not limit the sale of drugs conducted off school property, I must further conclude that the sale in this case is not governed by the District's policy as written and, therefore, the District improperly sanctioned the activity at issue.

Accordingly, I believe that the trial court did not commit an error of law and, therefore, I would affirm its order overturning Giles' expulsion. I therefore respectfully dissent.