WOODLAND HILLS SCHOOL
DISTRICT, Petitioner,

v.

S.F. and His Parents, Respondents.

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 2000.
Decided Feb. 29, 2000.
As Amended March 1, 2000.

Donald J. Palmer, Pittsburgh, for petitioner.

Charles W. Jelley, Greensburg, for respondent.

Before KELLEY, J., FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether the Special Education Appeals Panel erred in holding that a student with a disability has the right to participate in a high school commencement ceremony and have his diploma "banked" when the student has not completed his special education program and has not earned a diploma. We hold that a student with a disability does not have the right to participate in a commencement ceremony where he has not yet satisfied the school district's criteria for graduation. Thus, we reverse the decision of the Special Education Appeals Panel.

The facts in this case are as follows. S.F. is a 20–year old student in the Woodland Hills School District (District). He is diagnosed with Downs Syndrome and Mental Retardation and is in a learning support environment for 67% of the school day pursuant to an Individualized Education Plan (IEP) developed for him by his IEP team and his parents.

In February of 1999, S.F.'s parents requested that his IEP team consider his participation in the graduation ceremonies held at the conclusion of the 1998–99 school year even though S.F. would not be graduating from the District that year. The District informed the parents that pursuant to the District's graduation policy, S.F. was not eligible to participate in the graduation ceremony because he was not eligible to receive a diploma.[1]

After learning of the District's decision, S.F.'s parents requested a special due process hearing regarding the commencement ceremony issue. The parents argued that S.F. is entitled to participate in the graduation ceremony and have his diploma "banked" until he had earned the diploma. In a decision dated May 31, 1999, the Special Education Hearing Officer disagreed with S.F.'s parents and upheld the District's policy that S.F. must meet all local and state requirements for graduation, including completion of his IEP, before he may participate in a commencement ceremony. The commencement ceremony for the Class of 1998–99 took place on June 7, 1999, and S.F. did not participate.

On June 14, 1999, S.F.'s parents filed exceptions to the decision of the Special Education Hearing Officer. On June 28, 1999, the Special Education Appeals Panel issued an order that reversed the decision of the Special Education Hearing Officer and ordered that S.F. be permitted to participate in the commencement ceremonies at the conclusion of the 1999–2000 school year. On July 26, 1999, the District

---

**1.** Although S.F. had sufficient academic credits needed to graduate, he had not yet completed his special education program as set forth in his IEP.

appealed the order of the Special Education Appeals Panel to this Court.

On appeal,[2] the District argues that it is vested with discretion to develop and apply its own commencement ceremony criteria for its students, and the policy of only allowing those students who have satisfied the requirements to receive a diploma to participate in the commencement ceremony is a valid exercise of that discretion. We agree.

The State Board of Education has been empowered to adopt broad policies and principles and establish standards governing the educational programs of the Commonwealth.[3] Local school boards are responsible for administering the individual school systems and may adopt reasonable rules and regulations as are necessary and proper for the management of school affairs. *Giles v. Brookville Area School District,* 669 A.2d 1079 (Pa.Cmwlth.1995). This Court is without power to interfere with an action of a school board committed by law to its discretion unless it is apparent that the school board's conduct is arbitrary, capricious and to the prejudice of public interest. *Id.*

The General Assembly has vested local school districts with the authority to set up its own requirements for graduation from its schools and to confer academic degrees on those who successfully complete such requirements.[4] Likewise, any ceremony celebrating the completion of such requirements and the granting of a diploma falls within the basic educational policy that is to be determined by the local school district.

In the case at bar, the District has a policy, which states that participation in a graduation ceremony is conditioned upon a student's successful completion of an instructional program appropriate to his or her needs and on the student having earned a diploma.[5] It is not disputed in this case that S.F. has not yet successfully completed his IEP and is not eligible to receive a diploma.

The Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400–1484, requires that each public agency take steps to provide nonacademic and extracurricular services and activities in the manner necessary to afford children with disabilities an equal opportunity for participation in those services and activities. 34 C.F.R. § 300.306(a). The vehicle to deliver disabled children a full educational opportunity in the least restrictive environment is the IEP. 20 U.S.C. § 1414(d)(1)(A).

The District is required to convene an IEP meeting and to develop for S.F. a written plan, which provides him with a free appropriate public education designed to meet his unique needs. 22 Pa.Code § 14.32. His IEP must contain, among others, a statement of S.F.'s present levels of performance, a statement of annual goals and short-term learning objectives, a statement of specific special education services and programs and related services to be provided him, and appropriate objective criteria and assessment procedures for determining on at least an annual basis whether the goals and leaning outcomes have been achieved. 22 Pa.Code

---

2. This Court's review of an order of the Appeals Panel is limited to a determination of whether the adjudication is supported by substantial evidence, errors of law were committed, or constitutional rights were violated. 2 Pa.C.S. § 704; *Punxsutawney Area School District v. Kanouff,* 663 A.2d 831 (Pa.Cmwlth. 1995).

3. Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101–27–2702.

4. 24 P.S. §§ 16–1605, 16–1611 and 16–1613.

5. We disagree with the Appeals Panel that the policy in question is void for vagueness. The policy unequivocally states in part that "it shall be the policy of the Board to acknowledge each student's successful completion of an instructional program appropriate to the student's interest and needs by the awarding of a diploma or certificate at a fitting graduation ceremony."

§ 14.32(f)(3). Thus, both federal and state law mandates that S.F. is entitled to an individualized educational plan which may result in S.F. being required to complete more criteria than non-disabled students before being able to graduate and receive a diploma.

■ We believe that the District's policy regarding participation in the graduation ceremony is not in violation of the IDEA. We can find no language in the IDEA or state special education regulations which grants or requires a disabled student the right to participate in a graduation ceremony where the student has not yet met the requirements for graduation. Also, the District's policy does not violate S.F.'s right to a full educational opportunity in the least restrictive environment. The stated rationale for the District's policy is that commencement ceremonies are intended to acknowledge and celebrate a student's successful completion of his or her instructional program and the earning of a diploma. This policy is equally applied to all students regardless of disability. The practical effect of the IDEA, which gives disabled students the right to an IEP, is that a disabled student may not graduate with his or her peers. That effect on the District's policy does not make the policy arbitrary, capricious and to the prejudice of the public interest.

Accordingly, we reverse the decision of the Special Education Appeals Panel.

### ORDER

AND NOW, this 29th day of February, 2000, the order of the Special Education Appeals Panel in the above-captioned matter is hereby reversed.