631 A.2d 758

Christopher W. YATRON, a Minor, by William P. YATRON and Barbara H. Yatron, Parents and Natural Guardians,

v.

HAMBURG AREA SCHOOL DISTRICT, Hamburg Area School District Board of School Directors, Edward K. Madeira, Ronald Kunkel, Debra E. Adam, Brooke K. Adams, Deborah B. Bowman, Larry D. Ernst, Bradley R. Faust, Appellants.

Commonwealth Court of Pennsylvania.

Argued March 29, 1993.

Decided Aug. 30, 1993.

Elwood M. Malos, for appellants.

William R. Bernhart, for appellees.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

SMITH, Judge.

The Hamburg Area School District (District) and the Hamburg Area School District Board of School Directors (Board) (collectively Appellants) appeal from the June 2, 1992 order of the Court of Common Pleas of Berks County which stayed the order of the Board expelling Christopher W. Yatron from Hamburg Area High School, sustained Yatron's appeal, and set aside the expulsion. The issues raised on appeal are whether the trial court erred in ruling on the merits of Yatron's appeal rather than only ruling on Yatron's motion for stay; whether the trial court erred in granting Yatron's request for stay; whether the trial court erred in sustaining Yatron's appeal on the basis that the Board considered an alleged separate act of vandalism by Yatron in determining his punishment without charging him with the act or giving him prior notice that it would be considered; and whether a remand was in order.

On the evening of April 4, 1992, glass doors and windows were broken at the high school. Upon investigation by the Pennsylvania State Police, local police, and the high school's personnel, it was discovered that Yatron and five other students were responsible for the act of vandalism, committed with a BB rifle in three passes by the high school in a van driven by Yatron. On May 11, 1992, the high school Principal Leo F. Lenick held an informal hearing with Yatron, two other students, and their parents. The three students admitted that they committed the vandalism. At the conclusion of the hearing, Lenick handed to the students and their parents letters giving notice of the students' suspension for ten days; that a Board hearing would be held on May 14, 1992 at which expulsion would be requested as a result of the vandalism; and that the parties would be afforded an opportunity to be represented by counsel, cross-examine witnesses, and present independent evidence.

In the first phase of the hearing directed solely to the April 4, 1992 acts charged, testimony was presented by Lenick, his assistant principal, a local police officer, and three of the students involved in the incident. None of the three students

disputed their involvement in the incident, although they denied that any shots were fired at the windows: rather, they stated that shots were fired only at the glass doors. The Board voted unanimously that the three students who fired the shots had committed acts of vandalism directed at school property on April 4, 1992, but left undecided the question of whether the students shot out the windows as well as the glass doors. The Board announced its decision and proceeded with the second phase to determine punishment and the administration's request for expulsion. During the second phase of the hearing, Lenick testified that Yatron and another student had committed several acts of vandalism directed at Lenick's residence. Yatron repeatedly objected to this testimony, but his objections were overruled.

At a Board meeting on May 18, 1992, the Board specifically concluded, inter alia, that the damage done by the students was limited to the glass doors in the school lobby, and that Yatron and one of the other students charged "were involved in other episodes of vandalism similar to that committed at the school, to include vandalism directed at School District employees." Board Conclusion of Law No. 3; *see also* Board Findings of Fact No. 16. The Board voted to expel Yatron and the other student, subject to certain conditions, effective May 22, 1992. Thereafter, Yatron filed with the trial court a petition for stay and a notice of appeal from the Board's expulsion order.

A hearing was held before the trial court on June 2, 1992 at which the court found, inter alia, that the Board in determining the appropriate sanction improperly considered the evidence regarding Yatron's alleged separate act of vandalism at Lenick's residence because such acts were not the subject of the expulsion hearing and were not set forth in the notice of that hearing. The court stayed the order of the Board expelling Yatron and further sustained his appeal and set aside the expulsion.[1]

1. This Court's scope of review of the trial court's decision is limited to determining whether the trial court abused its discretion, committed an error of law, or violated constitutional rights. *Appeal of Edge,* 147

■ Appellants first argue that the trial court erred in ruling on the merits of Yatron's appeal instead of ruling only on Yatron's motion for stay, thus denying Appellants adequate opportunity to respond to Yatron's appeal; and that the trial court erred in making its decision to reverse the School Board without consideration of the record of the hearing before the Board on May 14, 1992, since that testimony had not yet been transcribed. A review of the hearing transcript before the trial court, however, reveals that Appellants made no objection to the trial court's decision to proceed on the merits of the case.

The pertinent exchanges between the trial court and counsel are as follows:

THE COURT: Do you have any other testimony that you would offer upon the full hearing on the appeal?

[Yatron]: No.

[Appellants]: I don't think so, Your Honor.

[Yatron]: No, I think we've covered what the appeal would accomplish anyway, Your Honor.

N.T., pp. 62–63. Later in the hearing, the trial court again questioned counsel regarding the issue of Yatron's appeal:

THE COURT: Well, I think we can dispose of the matter today. Counsel have agreed there would be no other testimony. Why can't we simply dispose of this instead of ruling on a stay today and then come back in a week or so and have a full hearing on the appeal?

[Yatron]: That's fine with me, Your Honor.

[Appellants]: I think the problem, Your Honor, is you don't have the record.

[Yatron]: Nothing more that this record's going to show or raise.

Pa.Commonwealth Ct. 27, 606 A.2d 1243 (1992). In reviewing the adjudication of the Board in this instance, the trial court was limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Appeal of Suspension of McClellan*, 82 Pa.Commonwealth Ct. 75, 475 A.2d 867 (1984).

[Appellants]: Of course it is. The testimony of the individuals.

THE COURT: There's no question, is there, that there was an admission as to the doors?

[Yatron]: That's correct.

[Appellants]: Absolutely.

THE COURT: And there's no question that there wasn't enough evidence to involve the windows?

[Yatron]: That's correct.

THE COURT: And the question is whether or not testimony relating to Dr. Lenick's residence could be used in the punishment stage, seems to me to be the issue here.

[Yatron]: That's correct.

THE COURT: So I don't see why we can't resolve the matter.

*Id.* at 68–69.

Although Appellants suggested to the trial court that it required the record below in order to make a decision, it is clear that the trial court disagreed. The question regarding Lenick's testimony in the second phase of the May 14, 1992 hearing had already been thoroughly explored in the hearing before the trial court. The parties agreed to this question in both the petition for stay and the appeal, and Appellants made no objection in the record to the trial court's statements or argued that Appellants were denied an adequate opportunity to respond to the merits of Yatron's appeal. Therefore, Appellants now have no basis for argument that the trial court denied them an opportunity to defend the appeal on the merits.

 Under the standards governing relief in the nature of a stay pending petition for review, the applicant must establish (1) a likelihood of success on the merits of the appeal; (2) irreparable injury if a stay is denied; (3) issuance of a stay will not substantially harm other interested parties; and (4) issuance of a stay will not adversely affect the public interest. *Tri–State Asphalt Corp. v. Department of Transpor-*

*tation,* 135 Pa.Commonwealth Ct. 410, 582 A.2d 55 (1990), *appeal denied,* 527 Pa. 659, 593 A.2d 429 (1991). The decision to grant or deny a stay pending appeal is vested in the trial court's discretion and will not be reversed absent a clear abuse of that discretion. *In re Estate of Hartman,* 399 Pa.Superior Ct. 386, 582 A.2d 648 (1990), *appeal denied,* 527 Pa. 634, 592 A.2d 1301, 1302 (1991).

As noted above, Yatron adequately established before the trial court that the Board considered acts in the penalty phase of the hearing with which Yatron had not been charged and of which he had no prior notice, thus meeting the first require- ment for a stay. Yatron also established irreparable injury because, as noted by the trial court during the hearing, Yatron's expulsion came near the end of the school year and failure to grant a stay would have resulted in Yatron missing exams and not being able to graduate on to the next grade. While not acceding that Yatron fully satisfied the additional criteria, this Court will defer to the discretion of the trial judge, finding no clear abuse of that discretion, and affirm the decision to grant a stay of the expulsion.

Appellants assert that the stated basis of the trial court decision, which was the inclusion in the penalty hearing of Lenick's testimony regarding the attacks on his home, was in error because the similarity of offenses could properly be considered in assessing punishment. Appellants contend that the School Board has broad authority to inquire of related offenses that affect school functions. The authority cited by Appellants, however, involves situations in which the charged acts occurred off school premises, but were nevertheless the basis for the charges against the students.[2] *See Appeal of Suspension of McClellan,* 82 Pa.Commonwealth Ct. 75, 475

2. Appellant's reliance upon *Porter v. Board of School Directors of the Clairton School District,* 67 Pa.Commonwealth Ct. 147, 445 A.2d 1386 (1982), is misplaced because there this Court held that the school board did not err in considering the prior disciplinary record of a student charged with assaulting other students after illegally consuming alcohol and lying in wait for them. The instant matter is distinguishable in that the Board considered uncharged acts regarding which Yatron had no notice, rather than an existing record that was the case in *Porter.*

A.2d 867 (1984) (school board did not err in permitting evidence in record of citation for underage drinking where student was found by police on school grounds in an intoxicated condition).

■ Appellants contend that even if the Board erred by considering the attack on Lenick's home, a remand to the Board for further proceedings was indicated rather than a reversal. At the conclusion of the hearing before the trial court, Appellants inquired of the court whether it intended to remand the matter to the Board for further hearing. The court responded: "No. At this point I don't think—I don't see how we can unflaw this." N.T. at 72. The concerns of the trial court notwithstanding, this Court notes that Section 1318 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 13–1318, provides in relevant part that expulsion hearings "may be delegated to a duly authorized committee of the board, or to a duly qualified hearing examiner, who need not be a member of the board, but whose adjudication must be approved by the board." Further, 22 Pa.Code § 12.8(b)(1) provides that due process requirements must be observed in expulsion hearings, among which includes notice of the charges to be considered at the hearing.

In *Norristown Area School District v. A.V.*, 90 Pa.Commonwealth Ct. 508, 495 A.2d 990 (1985), this Court held that a remand is the proper remedy for an adjudication which does not satisfy the requirements of the Local Agency Law, 2 Pa.C.S. §§ 551–555. Accordingly, that portion of the order of the trial court setting aside Yatron's expulsion is reversed, and this case is remanded to the trial court with instructions to remand to the Board for a new penalty hearing without evidence of other alleged acts of vandalism for which no prior notice has been given or opportunity to defend.

## ORDER

AND NOW, this 30th day of August 1993, the order of the Court of Common Pleas of Berks County dated June 2, 1992 is affirmed to the extent that it stayed the order of the Hamburg

Area School District Board of School Directors expelling Christopher W. Yatron from Hamburg Area High School; and is reversed to the extent that it set aside the Board's order. This case is remanded to the trial court with instructions to remand to the Board for a new penalty hearing consistent with this opinion.

Jurisdiction relinquished.