Robyn BURNS, a Minor By and Through Robert BURNS and Pamela Burns, her parents and natural guardians; and Tamara Mullane, a Minor, by and through Dennis Mullane and Valerie Mullane, her parents and natural guardians, Appellants,

v.

David HITCHCOCK, Don Abrey, Jack Carr, Caroline Taylor, Judy McCarty, Joan Sanderson, Larry Shearer, Gary Matson and Larry Franklin, in their official capacities as the Board of Directors for Wyalusing Area School District; and Wyalusing Area School District.

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1996.

Decided Oct. 25, 1996.

Jeffrey P. Osmond, Wellsboro, for Appellants.

Jeffrey D. Litts, Doylestown, for Appellees.

Before PELLEGRIN and FRIEDMAN, JJ., and KELTON, Senior Judge.

FRIEDMAN, Judge.

Robyn Burns, a minor, by and through Robert Burns and Pamela Burns, her parents and natural guardians, and Tamara Mullane, a minor, by and through Dennis Mullane and Valerie Mullane, her parents and natural guardians, appeal from a November 14, 1995 order of the Court of Common Pleas of Bradford County (trial court), which dismissed Burns' and Mullane's (together, the students) Petition for Review (Petition) from a decision of the Board of Directors (Board) of Wyalusing Area School District (School District) upholding a 10–day suspension imposed upon the students.

The students were members of the Wyalusing Valley Junior–Senior High School (High School) Girls' Softball Team. During the first week of May 1995, the School District began an investigation of an alleged incident involving possession and/or consumption of alcoholic beverages by members of the team while on a school-sponsored trip.

Principal Marty Weisgold interviewed both students, who denied possessing or consuming any alcohol during the trip. On May 19, 1995, Principal Weisgold suspended both students for ten days pursuant to section 12.6 of title 22 of the Pennsylvania Code (Code), 22 Pa.Code § 12.6.[1] As a result of the discipline, both students were removed from the team, held ineligible for certain sports awards, and denied attendance at school functions; additionally, Mullane, a senior, was not allowed to participate in her graduation ceremony.

Prior to the suspensions, and pursuant to 22 Pa.Code § 12.8,[2] each student had an informal hearing before Principal Weisgold and Superintendent Warner Stark. On May 22, 1995, as a result of a request by their parents, the students also appeared before the Board, which convened for a special meeting. At this meeting, which was stenographically recorded, the students testified under oath and were represented by counsel; the School District, however, presented no witness nor any evidence regarding the students' alleged possession and/or consumption of alcohol. The Board affirmed Principal Weisgold's decision to suspend the students. The students then filed their Petition before the trial court, which dismissed their Petition.

On appeal to this court,[3] the students argue that the trial court erred in dismissing their Petition because the Board's decision to affirm the suspensions was an adjudication under the Local Agency Law[4] and, therefore, must be supported by substantial evidence. Because the School District never presented any evidence that the students possessed or consumed alcohol, the students assert that the Board's decision could not have been supported by substantial evidence and, therefore, is improper under the Local Agency Law.

In regard to the students' argument, we note that it is premised on the assumption that the Board's decision to affirm the sus-

1. Section 12.6 provides in relevant part:
§ **12.6 Exclusions from school.**
(b) Exclusions from school may take the form of suspension or expulsion.
(1) Suspension is exclusion from school for a period of from 1 to 10 consecutive school days.
(i) Suspensions may be given by the principal or person in charge of the public school.
(ii) No student shall be suspended until the student has been informed of the reasons for the suspension and given an opportunity to respond....
....
(iv) When the suspension exceeds 3 school days, the student and parent shall be given the opportunity for an informal hearing consistent with the requirements set forth in § 12.8(c) (relating to hearings).
22 Pa.Code § 12.6.

2. Section 12.8 provides in relevant part:
§ **12.8 Hearings.**
(a) Education is a statutory right, and students must be afforded all appropriate elements of due process if they are to be excluded from school. In a case involving a possible expulsion, the student is entitled to a formal hearing, which is a fundamental element of due process.
(b) A formal hearing is required in all expulsion actions....
(c) The purpose of the informal hearing is to enable the student to meet with the appropriate school official to explain the circumstances surrounding the event for which the student is being suspended or to show why the student should not be suspended.
(1) The informal hearing is meant to encourage the student's parents or guardian to meet with the principal to discuss ways by which future offenses can be avoided.
(2) The following due process requirements are to be observed in regard to the informal hearing:
(i) Notification of the reasons for the suspension shall be given in writing to the parents or guardian and to the student.
(ii) Sufficient notice of the time and place of the informal hearing shall be given.
(iii) A student has the right to question any witnesses present at the hearing.
(iv) A student has the right to speak and produce witnesses on his own behalf.
(v) The district shall offer to hold the informal hearing within the first 5 days of the suspension.
22 Pa.Code § 12.8.

3. Our scope of review is limited to determining whether the trial court abused its discretion, committed an error of law or violated constitutional rights. *Yatron v. Hamburg Area School District,* 158 Pa.Cmwlth. 204, 631 A.2d 758 (1993).

4. 2 Pa.C.S. §§ 551–555, 751–754.

pensions was an adjudication under the Local Agency Law.[5] However, 22 Pa.Code § 12.6(b)(1)(i) clearly provides that the decision to suspend a student for no more than 10 days is within the power of the principal.

The students assert that, although the Board was not required to grant them the additional hearing, by doing so and then issuing a decision on the matter, the Board brought the suspension decision within the ambit of the Local Agency Law, which would require substantial evidence.

The Board, however, points to the testimony in the record where, at the outset of the May 22, 1995 meeting, Donald Abrey, president of the Board, characterized the meeting as merely a special accommodation to the students and their parents.[6] The Superintendent reinforced this position by stating that the meeting was neither a formal hearing, which would only be warranted in an expulsion action, nor an informal hearing, which had already occurred.[7]

Here, although the Board agreed to consider the issue of the students' suspensions, the special meeting on May 22, 1995 was nothing more than a gratuitous gesture to the students and their parents. Thus, the Board's acquiescence to hold the meeting was purely voluntary, and its affirmation of the principal's decision had no legal consequence. The decision to suspend the students was made by the principal; because his review procedures have not been shown to violate the short-term exclusion requirements of 22 Pa.Code § 12.6(b)(1)(iv), the students' argument that there was an erroneous adjudication must fail.[8]

Accordingly, we affirm.

### ORDER

AND NOW, this 25th day of October, 1996, we affirm the November 14, 1995 Order of

---

5. An "adjudication" is defined as "any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." 2 Pa. C.S. § 101.

6. Abrey stated at the beginning of the May 22, 1995 meeting:
   ... I just want to make a few prefacing remarks so that we're all understanding what our understanding is of this meeting.
   This is a single-purpose meeting, just to hear a presentation by the parents and students regarding a disciplinary action taken under a policy that was previously adopted by the board. This meeting is being held at the request of the parents as a special accommodation due to the serious nature of the infraction, and this procedure is an exception to our usual practice of requiring the administration to deal with disciplinary matters.
   There's no requirement for the board to act on any of the information we hear today. We are simply here to listen to the issues that you wish to present....
   (R.R. at 9.)

7. Superintendent Stark stated at the May 22, 1995 meeting:
   ... First of all, this is not a formal hearing, this is not an informal hearing as spelled out in the school code. The informal hearing was held with [Principal] Weisgold which is the first step in the procedure. A formal hearing would only take place in the case of expulsion. ·

And in a formal hearing, a court stenographer would be present, our attorneys would be present, their attorneys would be present. We would have witnesses and they would have witnesses. What this is is an appeal ... to the board that will be directed at the boards determining whether Mr. Weisgold's decision was wise, whether my decision was wise.
   I think that it is paramount though that we understand that this is not a formal hearing. This is purely an appeal. I'd like to restate that the only case under which you would be hearing a formal hearing would be if we were expelling a student, and that is not what's happening here.
   (R.R. at 10–11.)

8. In their brief, the students also argue that the School District violated their due process rights by presenting no evidence against them and that the trial court erred in holding that Mullane's case is moot due to her graduation. Regarding the due process issue, because the students established no property right or any other constitutional right giving rise to due process, they have failed to provide any basis upon which we could determine that the requirements of due process were not met. In fact, the students received more process than they were entitled to under the law when the School District accommodated their parents' request for a special meeting beyond the informal hearing with the principal, as required by 22 Pa.Code § 12.8(c). Furthermore, due to our disposition of the students' main argument, there is no need to address the mootness issue.