Renee BRENNER (a minor), by and through her custodians and grandparents, David S. JOHNSON and Rose Johnson, and her parents, William and Patricia Brenner, Appellants,

v.

WEST SHORE SCHOOL DISTRICT.

Commonwealth Court of Pennsylvania.

Argued April 2, 2001.
Decided May 15, 2001.
Publication Ordered July 12, 2001.

Shawn P. McLaughlin, York, for appellants.

Andrew J. Blady, Doylestown, for appellee.

Before McGINLEY, SMITH, Judges and JIULIANTE, Senior Judge.

McGINLEY, Judge.

Renee Brenner (Renee), by and through her custodians and grandparents, David S. Johnson and Rose Johnson (Mrs. Johnson), (collectively, Grandparents), and her parents William (Brenner) and Patricia Brenner (Mrs. Brenner), (all collectively, appellants) appeal the order of the Court of Common Pleas of York County (trial court) that denied appellants' post trial

motions from a decree nisi that denied the appellants' petition for injunctive relief.

Renee was born on November 15, 1984. Brenner and Mrs. Brenner are the natural parents of Renee and reside at 3901 Schoolhouse Road in Dover. The Grandparents reside at 3165 Old Trail Road, York Haven and have resided there for as long as Renee has lived. Brenner and Mrs. Brenner (Parents) lived at 3300 Old Trail Road, York Haven until Renee was in eighth grade. Old Trail Road is located on the division line between the District and the Northeastern School District. Parents did not reside in the District at any time when Renee was of school age.

Renee attended school within the District from her entry in kindergarten until November 24, 1998, when she enrolled in the Dover Area School District. When Renee enrolled in kindergarten, Mrs. Johnson and Mrs. Brenner went to the elementary school and explained that Mrs. Johnson was Renee's primary caregiver. On the District Information Sheet, which was completed on September 4, 1990, Grandparents were listed as emergency contact and the box marked "pupil lives with both parents was checked." Some of the documents concerning Renee sent out by the District were addressed to Mrs. Johnson and others to the Parents. Renee's main bedroom is at her Grandparents' house although the Parents have maintained significant involvement in Renee's daily needs. Renee stays with the Parents part of the week. Parents have always declared Renee as a dependent on state and federal income tax returns and have provided health and medical coverage.

The Parents moved to 3901 Schoolhouse Road, Dover in November 1998. In the fall of 1998, after District tax collectors noticed that Renee was not residing in the District, the District told Mrs. Brenner that Renee would be expelled if she were not removed from the District. Renee then attended Dover School District for about two months during her eighth grade year. While Renee was attending Dover School District, Mrs. Brenner temporarily separated from Brenner and lived with Renee at Grandparents' house.

The District contacted Mrs. Johnson by telephone and by confirmatory letter on September 14, 1999, to inform her that because the Parents resided outside of the physical boundaries of the District, Renee must immediately withdraw from the District and enroll in the district where the Parents resided. The District also instructed Mrs. Johnson to obtain a legal document which indicated that she was Renee's legal guardian and to have that notarized.

Parents and Grandparents then entered into a stipulation and agreement for custody on September 22, 1999. The stipulation stated that Parents and Grandparents had joint legal custody of Renee with Grandparents having majority physical custody of the child and that Parents were responsible for providing appropriate financial support for and on behalf of Renee including health insurance coverage.

Because the Parents did not withdraw Renee from the District, the District suspended Renee from attending Redland High School in the District on or about September 24, 1999. On September 29, 1999, the Court of Common Pleas of York County adopted the stipulation and agreement as an order.

Appellants presented a motion for a preliminary injunction on October 8, 1999. The trial court granted the preliminary injunction and directed that Renee could return to the District school. Appellants also sought an order which would keep Renee in the District for the remainder of

her secondary education. The District denied that Renee should be accepted as a student and asked that the trial court dismiss the Appellants' complaint.

On October 10, 1999, Brenner and Mrs. Johnson met with Dr. Daniel Sheets (Dr. Sheets), director of pupil services for the District. At this meeting, Brenner and Mrs. Johnson were given a parent questionnaire and a resident questionnaire, which were not returned to the District.

The trial court heard the matter on December 7, 1999. Mrs. Johnson testified that Renee had her own room at her house and kept her belongings there. Notes of Testimony, December 7, 1999, (N.T.) at 10; Reproduced Record (R.R.) at 132a. Mrs. Johnson testified that Renee's parents did not pay her or provide financial support in return for her care of Renee. N.T. at 17; R.R. at 139a. Mrs. Johnson also testified that Renee stayed with her four to five nights a week during the 1998–99 school year. N.T. at 26; R.R. at 149a. Brenner essentially corroborated Mrs. Johnson's testimony. Brenner testified that Renee's room in his house was "basically the guest room." N.T. at 52; R.R. at 174a.

Dr. Sheets testified that Old Trail Road is right on the District boundary line and the District cannot determine from a particular address whether it is in the District until it actually checks the tax records. Dr. Sheets further testified that it came to his attention that the Parents did not live in the District when Renee was in eighth grade. N.T. at 55–56; R.R. at 177a–178a. Dr. Sheets testified that with respect to Renee no one completed the resident affidavit form given to a resident who is not the parent of a child residing in the District. N.T. at 61; R.R. at 183a. Dr. Sheets also testified that Mrs. Brenner, a District school bus driver, drove Renee to school in a District bus when she was residing in the Northeastern School District. N.T. at 74; R.R. at 196a.[1]

By decree nisi filed June 13, 2000, the trial court denied and dismissed the Appellants' petition for injunctive relief. The trial court determined that Section 1302 of the Public School Code of 1949 (Code)[2], 24 P.S. § 13–1302, governs the entitlement to free school privileges.[3]

The trial court found that the testimony did not support a guardianship by the Grandparents because the Grandparents were not supporting the child gratis, assuming all obligations relative to school requirements and supporting the child continuously. The trial court determined that

---

1. Jim Carter, supervisor of child accounting and alternative programs for the District, testified regarding Renee's records.

2. Act of March 10, 1949, P.L. 30, *as amended.*

3. Section 1302 of the Code provides:
   A child shall be considered a resident of the school district in which his parents or the guardian of his person resides.... When a resident of any school district keeps in his home a child of school age, not his own, supporting the child gratis as if it were his own, such child shall be entitled to all free school privileges accorded to resident school children of the district, including the right to attend the public high school maintained in such district or in other districts in the same manner as though such child were in fact a resident school child of the district, and shall be subject to all the requirements placed upon resident school children of the district. Before such child may be accepted as a pupil, such resident shall file with the secretary of the board appropriate legal documentation to show dependency or guardianship or a sworn statement that he is a resident of the district, that he is supporting the child gratis, that he will assume all personal obligations for the child relative to school requirements, and that he intends to so keep and support the child continuously and not merely through the school term.
   24 P.S. § 13–1302.

the Parents provided substantial support and were significantly involved in the child's schooling. Further, the trial court determined that the Grandparents were not supporting Renee continuously.

The Appellants filed post trial motions and contended that the findings of fact were inconsistent with respect to the amount of time Renee stayed with the Grandparents and Parents, that the District was estopped from asserting a position different from what it had taken for the majority of Renee's educational life and upon which the Appellants reasonably relied, that because Renee was accepted as a pupil in the District for nearly ten years the Grandparents did not have to provide both legal documentation of dependency or guardianship and a sworn statement as to certain specific factors but just one or the other under the Code and that the trial court committed errors with respect to whether the Appellants were given certain forms.

In an opinion dated August 10, 2000, the trial court dismissed the post trial motions.[4] Also, on August 10, 2000, the trial court entered the decree nisi as modified as a final decree.

▉ Appellants contends that for purposes of the Code Renee should be considered a resident of the District, that because she was accepted as a pupil of the District she should not now have to comply with the filing requirements for guardianship under the Code, and that Renee while in the custody of Mrs. Johnson, a resident of the District, is entitled to free school privileges in the District because Mrs. Johnson provided proper documentation of guardianship. Appellants also contend that the Grandparents have established they are residents of the District, that they are supporting Renee gratis, that they will assume all personal obligations for her relative to school requirements, and that they intend to keep and support Renee continuously.[5]

Initially, the Appellants contend that for purposes of the Code, Renee is and always has been a resident of the District. The Appellants base this contention on the fact that the grandparents have primary physical custody of Renee, Renee spends the majority of her time at the grandparents' home, and that the grandparents should be considered the guardians of Renee under Section 1302 of the Code, 24 P.S. § 13-1302.

However, the Code provides that in order for a child living with a person who is not the child's natural parent to be entitled to free school privileges within that district, the adult must support the child gratis as if it were his own. Here, the trial court determined that while Grandparents maintained significant involvement with Renee, they did not meet the test of supporting Renee gratis as if she were their own. The trial court determined in its initial adjudication:

> The testimony presented in this case does not support a guardianship by the Grandparents in which the Grandparents are supporting the child gratis, assuming all personal obligations for the child relative to school requirements,

---

4. The trial court amended its findings to state in finding of fact number eighteen that "Renee's parents have maintained significant involvement in Renee's daily needs and scholastic needs, including having Renee stay at their residence for part of the week. N.T., 12/7/99 at 6 and 42." Trial Court Opinion, August 10, 2000 (Opinion) at 2; R.R. at 92a.

5. Our review in cases involving a permanent injunction is limited to whether the trial court abused its discretion or committed an error of law. *Sisco v. Luppert*, 658 A.2d 886 (Pa. Cmwlth.1995).

and supporting the child continuously. First, Parents have provided substantial support for Renee, such as maintaining health insurance, maintaining a bedroom, providing for her food, clothing and other needs. Parents have declared Renee as a dependent on their state and Federal taxes, thus evidencing that they provide financial support and maintenance to Renee. The language of the School Code, which states, 'supporting the child gratis,' must be interpreted in light of a full reading of the statute. To support a showing of supporting the child gratis, the proponent must present evidence that the guardian is doing more than merely not receiving payment for keeping the child in the guardian's house. By providing health insurance, buying clothing, providing rides to school, and claiming the child as a dependent, the Parents' involvement in Renee's daily needs undermines the Grandparents' claim that they are supporting Renee gratis. Thus, Plaintiffs have failed to demonstrate that Grandparents meet this first requirement.

Adjudication by the Trial Court, June 13, 2000, at 8–9; R.R. at 74a–75a.

We agree with the trial court that the Grandparents did not meet this threshold requirement.

██ Next, Appellants contend that the District cannot force Renee to comply with the filing requirements of Section 1302 of the Code, 24 P.S. § 13–1302,

where the District accepted Renee as a pupil of the District and neither Renee nor the Grandparents have neither materially nor substantially altered their living or other relevant circumstances. Essentially, Appellants contend that once the District accepted Renee as a pupil when she enrolled, it could not years later require the Grandparents to establish guardianship and comply with the Code in order for Renee to attend school in the District. Appellants make this argument because Section 1302 of the Code states "[b]efore such child may be accepted as a pupil, such resident shall file...." However, Dr. Sheets testified that once the District became aware of the Parents' residence it took immediate action. Appellants also argue that it would be unfair to Renee to force her to change schools.

The trial court determined:

While it is true that Renee was accepted as a pupil for ten years, at the time the Plaintiffs were notified that Renee was in the wrong district, Renee ceased to be an accepted pupil at the Defendants' school district. As a non-resident pupil, she would have to follow the guidelines of the school code. Additionally, no language in the statute carves out an exception for a child in Renee's situation.

Trial Court Opinion, August 10, 2000, at 5; R.R. at 95a. We agree.[6]

Accordingly, we affirm.

---

**6.** Appellants also contend that Renee is entitled to free school privileges in the District because Parents and Grandparents have provided the appropriate documentation to show dependency or guardianship and that Grandparents are supporting Renee gratis, will assume all personal obligations for Renee relative to her school requirements and will support Renee continuously and not merely during the school year. Appellants essentially restate their initial argument with the addition of the representation that any necessary documentation was provided. As we have already determined that Grandparents did not meet the requirements under the Code, we need not address this argument. Assuming arguendo that we must determine the question of whether required documentation was presented to the District, we agree with the trial court's determination that the Appellants did not present the appropriate documentation.

## ORDER

AND NOW, this 15th day of May, 2001, the order of the Court of Common Pleas of York County in the above-captioned matter is affirmed.