Steven **HAAS** and Justin Haas, Appellants

v.

**WEST SHORE SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 2006.

Decided Jan. 29, 2007.

---

 Daniel M. Fennick, York, for appellants.

Andrew J. Blady, Doylestown, for appellee.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and LEADBETTER, Judge.[1]

OPINION BY Judge LEADBETTER.

Steven Haas, on behalf of his son Justin, appeals from an order of the Court of Common Pleas of York County (common pleas), denying his appeal from the decision of the West Shore School District (the District). Steven Haas argues that the Board's finding that there was alcohol in the iced tea bottle from which he admitted drinking is not supported by substantial evidence, and that Justin's statement taken by administrators violates West Shore School District Policy 235. We affirm.

On October 6, 2005, the Red Land High School Administration investigated an incident involving the consumption of alcohol on school premises during school hours. Several students, including Justin, were implicated during the course of the investigation. Justin was fifteen years old at the time and was a tenth grade regular education student at Red Land High School in York County.

On October 13, 2005, high school administrators met with Justin to interview him in connection with their investigation. The administrators questioned Justin about the incident and then asked Justin to reduce what he said to them to a written statement. Justin's statement reads as follows: "At lunch [T.C., another student at the high school,] had alc[o]hol in an ice[d] tea bottle. I didn't beli[e]ve him so he gave it to me so I took a drink. I know Nicole had drank [sic] some prior to lunch."

After the interview, the administration suspended Justin and moved to expel him

---

1. This case was assigned to the opinion writer prior to the date when Judge Leadbetter assumed the status of President Judge on January 7, 2007.

pursuant to West Shore School District Policies 218 and 227. Policy 218 is the general student discipline policy, while Policy 227 deals with drug awareness. Under Policy 227, the term "drug" includes alcohol. Policy 227 generally prohibits the consumption, possession, or distribution of alcohol while on school premises.

On October 17, 2005, in compliance with 22 Pa.Code § 12.8(b), a notice of formal expulsion hearing was sent via certified mail to Mr. and Mrs. Steven Haas advising them of the date and time of the hearing. A formal expulsion hearing was held on October 27, 2005, before a duly authorized committee of the West Shore Board of School Directors (the Committee). At the hearing, Justin, through his counsel, entered a plea of not guilty to the charges of violating Policies 218 and 227.

The Committee conducted a two stage proceeding: 1) the guilt or innocence phase; and 2) if guilty, the discipline assessment or punishment phase. T.C.; Mr. Novosel, the principal of the high school; and Mr. Argot, the assistant principal, testified at the hearing. Justin's attorney did not object to Justin's written statement being admitted into evidence. The Committee adjudged Justin guilty of violating Policies 218 and 227 for consuming alcohol on school premises. The Committee recommended that Justin be expelled for a period of 30 days (or 18 school days) and be placed on probation until the end of the 2005–2006 school year. As a condition of his probation and return to school, the Committee recommended that Justin be required to complete a period of community service.

The Board of School Directors of the West Shore School District approved the Committee's recommendations at a public meeting on November 17, 2005. In pertinent part, the Board found:

10. [T.C] gave alcohol (vodka) to Justin in an ice[d] tea bottle on October 6, 2005 while on the grounds of the West Shore School District after Justin requested the alcohol at lunch from [T.C.].

11. Justin admitted to Mr. Nov[o]sel that he consumed alcohol on October 6, 2005 while on the grounds of the West Shore School District.

12. Justin's statement to the administration on October 13, 2005 was admitted into evidence as [exhibit] B–2.

13. In Justin's statement, he admitted that [T.C.] brought alcohol in an ice[d] tea bottle at lunch on October 6, 2005 and also admitted to drinking the alcohol.

14. It is clear from Justin's statement and from the testimony of [T.C.] and Mr. Nov[o]sel that before Justin drank the alcohol contained in the ice[d] tea bottle, he was informed and therefore had knowledge that alcohol was in the bottle.

Therefore, the Board concluded that Justin had violated Policies 218 and 227.

■ On December 15, 2005, Steven Haas appealed to common pleas. On February 13, 2006, common pleas issued an opinion and order affirming the Board's adjudication and denying the appeal. In support of its holding, common pleas noted that "the student from whom [Justin] obtained the beverage[, T.C.,] was shortly thereafter given a blood alcohol test which showed alcohol in his system." Common pleas consequently found "that based on a circumstantial inference the [Board] could permissibly find that there was alcohol in the drink container of [T.C.], and therefore, [Justin] also consumed alcohol." In addition, common pleas concluded that the administrators had not required Justin to give a statement; rather they merely provided Justin with an opportunity to voluntarily do so. Therefore, common pleas

found Policy 235 to be inapplicable. On March 1, 2006, common pleas issued an opinion pursuant to Rule of Appellate Procedure 1925(a) adopting its February 13 opinion. Steven Haas now appeals to this court.[2]

We begin by observing that this case is technically moot. Justin has served his expulsion, has served his probation, and has completed his community service. "Generally, the courts of this Commonwealth may not exercise jurisdiction to decide issues that do not determine the resolution of an actual case or controversy." *Flynn–Scarcella v. Pocono Mountain School Dist.*, 745 A.2d 117, 119 (Pa. Cmwlth.2000). "Exceptions to this general rule are made where the conduct complained of is capable of repetition yet likely to evade review, where the case involves issues important to the public interest or where a party will suffer some detriment without the court's decision." *Id.* Here, Justin will suffer a detriment without the court's decision. This incident will appear on Justin's school record, and he may also be required to report the incident on future applications. Thus, this case falls within one of the exceptions and we will not dismiss the matter as moot.

The District also argues this court lacks subject matter jurisdiction to hear this claim. In support, the District relies on *Burns by Burns v. Hitchcock*, 683 A.2d 1322 (Pa.Cmwlth.1996). *Burns*, however, is distinguishable. In *Burns*, two students were suspended by the school principal for 10 days for the possession and/or consumption of alcoholic beverages while on a school sponsored trip.[3] Prior to the suspensions, each student had an informal hearing before the principal and superintendent.[4] At the request of the parents of the two students, the school board convened a special meeting. At the meeting, the board affirmed the principal's decision to suspend the students. We found that the board's special meeting was nothing more than a gratuitous gesture to the students and their parents; therefore the board's affirmation of the principal's decision had no legal consequences and was not an adjudication. Here, on the other hand, Justin was expelled for a period of 18 school days.[5] In contrast to a suspension, an expulsion requires a prior formal hearing in accordance with 22 Pa.Code § 12.8. 22 Pa.Code § 12.6(b)(2). Thus, the Board's hearing qualified as a local agency adjudication, and Steven Haas had the right to appeal the Board's decision to common pleas, and then the right to appeal the decision of common pleas to this court. *See* 2 Pa.C.S. § 752.

Steven Haas first argues that the Board's finding that there was alcohol in the iced tea bottle is not supported by substantial evidence. Substantial evidence

---

2. "Our scope of review of a school district's adjudication, where a complete record is made, is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence." *Schmader ex rel. Schmader v. Warren County School Dist.*, 808 A.2d 596, 598 n. 4 (Pa.Cmwlth.2002) (citation omitted).

3. A suspension is defined as an "exclusion from school for a period of from 1 to 10 consecutive school days." 22 Pa.Code § 12.6(b)(1). "Suspensions may be given by the principal or person in charge of the public school." 22 Pa.Code § 12.6(b)(1)(i).

4. "When the suspension exceeds 3 school days, the student and parent shall be given the opportunity for an informal hearing consistent with the requirements in § 12.8(c) (relating to hearings)." 22 Pa.Code § 12.6(b)(1)(iv).

5. "Expulsion is exclusion from school by the governing board for a period exceeding 10 school days." 22 Pa.Code § 12.6(b)(2).

is relevant evidence that a reasonable mind might accept to support a conclusion of law. *A.B. ex rel. Bennett v. Slippery Rock Area School Dist.*, 906 A.2d 674, 677 n. 5 (Pa.Cmwlth.2006). "It is irrelevant whether the record contains evidence to support findings other than those made by the factfinder; the critical inquiry is whether there is evidence to support the findings actually made." *Carbondale Area School Dist. v. Fell Charter School*, 829 A.2d 400, 404 (Pa.Cmwlth.2003). Here, the Board drew a reasonable inference that there was alcohol in the iced tea bottle. T.C. testified that he gave alcohol to Justin in school on October 6, 2005. A breathalyzer test administered to T.C. on October 6 revealed that T.C. had alcohol in his system. Justin admitted to Mr. Novosel that he consumed alcohol on October 6. Justin then signed a written statement admitting that he drank alcohol on October 6. As such, substantial evidence in the record supports the Board's finding that there was alcohol in the iced tea bottle.

■ Steven Haas next contends that Justin's statement taken by administrators violates West Shore School District Policy 235. Policy 235 provides in pertinent part:

No student shall be required, without prior written consent for students under eighteen (18) years of age or prior written consent of emancipated students or those over eighteen (18) years, to submit to a survey, analysis, or evaluation that reveals information concerning—

. . .

4. Illegal, antisocial, self-incriminating, and demeaning behavior.

Policy 235 derives its statutory authority from the Protection of Pupil Rights Amendment (PPRA), 20 U.S.C. § 1232h, and from the Pennsylvania Administrative

Code, 22 Pa.Code § 4.4(d)(6). The language of the portion of Policy 235 cited by Steven Haas in support of his argument is taken from the PPRA. The PPRA provides in pertinent part:

No student shall be required, as part of any applicable program, to submit to a survey, analysis, or evaluation that reveals information concerning-

. . .

(4) illegal, anti-social, self-incriminating, or demeaning behavior;

. . .

without the prior consent of the student (if the student is an adult or emancipated minor), or in the case of an unemancipated minor, without the prior written consent of the parent.

20 U.S.C. § 1232h(b). At issue is whether the interview of Justin by the administrators constitutes a survey, analysis, or evaluation for purposes of Policy 235 and the PPRA. The Pennsylvania Administrative Code provides some guidance. Section 4.4(d) of the Pennsylvania Administrative Code provides in pertinent part:

School districts . . . shall adopt policies to assure that parents or guardians have the following: . . . (6) The right to have their children excluded from research studies or surveys *conducted by entities other than the school district* . . . unless prior written consent has been obtained.

22 Pa.Code. § 4.4(d) (emphasis added). Thus, the Pennsylvania Administrative Code makes it clear that Section 235 applies to research studies or surveys conducted by entities other than the school district, not to interviews conducted by school administrators for student disciplinary purposes. Therefore, Policy 235 is inapplicable to the present case.[6]

6. Common pleas concluded that Policy 235 was inapplicable because it found that the

administrators did not require Justin to give a statement. We do not address whether the

██ Moreover, even if we were to find Policy 235 applicable to internal disciplinary inquiries, this would not necessarily mean that its violation mandated an exclusionary rule. In light of the fact that the statement was admitted here without objection, we need not reach that issue. Nonetheless, as the Pennsylvania Superior Court has noted in a case involving a criminal prosecution:

> The [United States] Supreme Court has recognized that school officials have a substantial interest in maintaining a safe and educational environment on school grounds.... Even in schools that have been spared the most severe disciplinary problems, the preservation of order and a proper educational environment requires close supervision of schoolchildren, as well as the enforcement of rules against conduct that would be perfectly permissible if undertaken by an adult. Events calling for discipline are frequent occurrences and sometimes require immediate, effective action. Accordingly, we have recognized that maintaining security and order in the schools requires a certain degree of flexibility in school disciplinary procedures, and we have respected the value of preserving the informality of the student-teacher relationship. Swift and informal disciplinary procedures are needed in our schools to enable school officials to perform their duty to maintain a safe and educational environment.

*In re D.E.M.,* 727 A.2d 570, 576–577 (Pa.Super.1999) (citations and quotations omitted).

Accordingly, because substantial evidence supports the Board's finding that there was alcohol in the iced tea bottle and administrators required Justin to give a statement, as we have held Policy 235 to be inapplicable on other grounds.

because we find no violation of the student's rights, we affirm.

### *ORDER*

AND NOW, this 29th day of January, 2007, the order of the Court of Common Pleas of York County in the above captioned matter is hereby AFFIRMED.

DISSENTING OPINION BY Judge SMITH–RIBNER.

I respectfully dissent from the majority's determination that the West Shore School District Policy 235 does not apply to this case, involving the School District's investigation and evaluation of circumstances surrounding accusations of alcohol consumption by 15–year old Justin Haas (Student) while in school. Policy 235 states:

> No student shall be required, without prior written parental consent for students under eighteen (18) years of age or prior written consent of emancipated students or those over eighteen (18) years, to submit to a survey, analysis, or evaluation that reveals information concerning:
>
> . . .
>
> 4. Illegal, anti-social, self-incriminating, and demeaning behavior.
>
> . . .
>
> However, such survey, analysis, or evaluation may be conducted on a wholly voluntary basis, provided that the student and/or his/her parent have been notified of their rights and of their right to inspect all related materials.

Reproduced Record (R.R.) at 106a.

The Student provided a written statement after being called into the office of the Principal, Mr. Novosel, and questioned

about his involvement in the illegal consumption of alcohol. The Student's written statement, given October 13, 2005, was admitted into the evidence at the School Board's hearing, and it reads:

At lunch [T.C.-full name omitted] had alcohol in an ice tea bottle. I didn't believe him so he gave it to me so I took a sip. I know Nicole had drank some prior to lunch.

Board Exhibit 2, Supplemental R.R. at 115a.

Upon questioning by counsel for the Student, the Principal admitted that at some point in his investigation he may have said to the Student that he had to write a statement; the Principal also testified that the purpose of his questioning was to investigate or to evaluate further the circumstances to make his decision. The Principal contacted the Student's parents once he ascertained that the Student consumed alcohol in school and acknowledged that he had no written consent from the parents to interview or evaluate the Student's behavior. Once the Principal learned of accusations against the Student, the school began what was potentially a criminal investigation rather than a mere disciplinary investigation. R.R. at 44a–47a. The Principal recognized that his investigation and evaluation focused on whether the Student illegally consumed alcohol. Therefore, the School District was required under its policy to have the consent of the Student's parents before questioning him and requiring his written statement. Its failure to do so warrants reversal of the decision made to discipline the Student.

Even if the Student's statement was admissible and Policy 235 does not apply to this case, the evidence relied upon by the Board and the trial court is clearly insufficient to support any findings that the Student consumed alcohol on October 6, 2005.

Counsel allowed admission of the Student's written statement into the record so that he could argue to the Board that the Student clearly did not believe that the ice tea bottle contained alcohol. The only other evidence relied upon by the Board included the result of a positive breathalyzer test given the same day to T.C., the student who brought the bottle to school, and T.C.'s testimony that another student put alcohol in the bottle although he was not certain whether the Student knew this. The other student who purportedly put the alcohol in the bottle did not testify.

This Court must also review this case to determine whether substantial evidence exists in the record to support the Board's findings. *D.O.F. v. Lewisburg Area School District Board of School Directors*, 868 A.2d 28 (Pa.Cmwlth.2004). Substantial evidence is more than a mere scintilla—rather it is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Pennsylvania Labor Relations Board v. Kaufmann Department Stores, Inc.*, 345 Pa. 398, 29 A.2d 90 (1942). The Student's written statement, the hearsay testimony of T.C. about what other students did or said in school, T.C.'s testimony that he was uncertain whether the Student had actual knowledge of the alcohol and T.C.'s breathalyzer test results form the basis for the Board's finding that the Student knowingly consumed alcohol in school on October 6, 2005. That evidence does not rise to the level of substantial evidence required to support the Board's finding. I therefore would reverse the trial court.