Jose **VELAZQUEZ, a minor, by his grandmother and next friend, Renee SPEAKS–VELAZQUEZ, Appellant**

v.

**EAST STROUDSBURG AREA SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued March 11, 2008.

Decided May 19, 2008.

Maura McInerney and Deborah Gordon Klehr, Philadelphia, for appellant.

Glenna M. Hazeltine, Huntingdon Valley, for appellee.

BEFORE: SMITH–RIBNER, Judge, and COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Jose Velazquez (Jose), a minor, by his paternal grandmother and next friend, Renee Speaks–Velazquez (Appellant), appeals from an order of the Court of Common Pleas of Monroe County that affirmed the adjudication of the East Stroudsburg Area School District Board of School Directors (School Board) determining that Jose was ineligible to enroll or to receive free school privileges in the East Stroudsburg Area School District (School District) under School Board Policy No. 202 (Policy No. 202) and Section 1302 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 13–1302. Appellant's statement of the questions involved includes whether the School Board erred in interpreting Section 1302 of the School Code and 22 Pa.Code § 11.19 as requiring denial of Jose's enrollment based on Appellant's receipt of court-ordered child support from Jose's mother on behalf of Jose and, in the alternative, whether the trial court's interpretation of the School Code violates the Fourteenth Amendment to the United States Constitution.

I

The parties submitted their joint stipulation of the undisputed facts (Stipulation) to the trial court. Jose, whose parents were never married, was born in August 1990 and has lived with Appellant for most of his life, except for short periods when he lived with his mother and/or father. Jose has lived in and out of the School District since 1997 when he was in the second grade. From January 2005 through February 2006 he was enrolled in the Pocono Mountain School District where he lived with Appellant and his father, who has been incarcerated since September 2005. Jose's mother resides in North Carolina or in Florida.

In March 2006 Appellant moved back to East Stroudsburg with Jose and began the re-enrollment process. She submitted Form No. 202–AR ("Sworn Statement by Resident Under 24 P.S. § 13–1302") under Policy No. 202, amended in April 2005 to reflect changes recommended by the Department of Education under Section 1302 of the School Code. Section 1302(a) provides in part:

A child shall be considered a resident of the school district in which his parents or the guardian of his person resides. Federal installations are considered a part of the school district or districts in which they are situate and the children residing on such installations shall be counted as resident pupils of the school district. *When a resident of any school district keeps in his home a child of school age, not his own, supporting the child gratis as if it were his own, such child shall be entitled to all free school privileges accorded to resident school children of the district,* including the right to attend the public high school maintained in such district or in other districts in the same manner as though such child were in fact a resident school child of the district, and shall be subject to all the requirements placed upon resident school children of the district. Before such child may be accepted as a pupil, such resident shall file with the secretary of the board:

(1) appropriate legal documentation to show dependency or guardianship; *or*

(2) *a sworn statement that he is a resident of the district, that he is supporting the child gratis, that he will assume all personal obligations for the child relative to school requirements, and that he intends to so keep and support the child continuously and not merely through the school term.* The school board, pursuant to guidelines issued by the Department of Education, may require other reasonable information to be submitted by the resident to substantiate the sworn statement. (Emphasis added.)

The School District approved Jose's re-enrollment, and he attended school in the School District from March 17 through May 11, 2006. He subsequently was found guilty of disorderly conduct after an alter-cation with a school police officer in May 2006, for which he attended a program at Vision Quest until September 2006.

In reviewing records from the disciplinary proceedings, the School District questioned Jose's residency in the School District and requested additional documentation from Appellant. Appellant sent the School District notarized letters from Jose's father and mother stating that Appellant had acted as Jose's guardian since his father's incarceration in 1998, that Appellant's continued care of Jose would be in his best interests and that Appellant had their full permission to act as Jose's guardian in school-related matters in their absence. In July 2006 the superintendent informed Appellant that Jose was not entitled to receive free school privileges in the School District because Appellant received court-ordered child support payments from Jose's mother as stated in Form No. 202–AR. The School District waived a tuition payment from March 2006 through the end of the 2006 school year because it failed to recognize Appellant's receipt of child support.

On August 23, 2006, the School Board held a hearing and heard from the School District's superintendent and assistant superintendent, the principal of High School–South and Appellant, proceeding *pro se.* In its adjudication, the School Board noted its sympathy for Jose's family circumstances. Finding that in the past year Appellant received $1900 in child support from Jose's mother, who still owed a large sum, the School Board nonetheless concluded that Jose was ineligible to enroll or to receive free school privileges under Policy No. 202 and Section 1302 of the School Code. Jose has been out of school since September 29, 2006, and in October the School District sent Appellant a letter stating that she might be subject to a penalty should she not send Jose to school. She receives public assistance for Jose and can-

not afford to send him to private school; nor can she provide home-schooling. Stipulation, ¶ 19; Reproduced Record (R.R.) at 10a. The School District refused to provide the necessary papers to enable Jose to work until he returned to school. Stipulation, ¶ 20; R.R. at 10a.

Appellant appealed to the trial court and also filed a petition for stay and injunction pending appeal. The trial court denied the petition and affirmed the School Board's adjudication, rejecting Appellant's argument that her status is analogous to that of a parent receiving child care payments when the term "gratis" in Section 1302(a) of the School Code is read in conjunction with the phrase "as if [the child] were his own." The trial court held that the child support payments are "compensation" under 22 Pa.Code § 11.19(a), which provides in relevant part:

> A nonresident child is entitled to attend the district's public schools if that child is fully maintained and supported in the home of a district resident as if the child were the resident's own child and if the resident receives *no personal compensation for maintaining the student in the district.* Before accepting the child as a student, the board of school directors of the district shall require the resident to file with the secretary of the board of school directors either appropriate legal documentation to show dependency or guardianship or a sworn statement that the child is a resident of the district, the child is supported fully *without personal compensation or gain,* and that the resident will assume all personal obligations for the child relative to school requirements and intends to so keep and fully support the child continuously and not merely

through the school term. *The resident's receipt of public payments, such as Supplemental Security Income (SSI), Temporary Assistance for Needy Families (TANF), maintenance on public or private health insurance, pre-adoptive support or other payments for or on account of the child, may not be deemed to be personal compensation or gain under this section.* (Emphasis added.)

■ The trial court further held that "other payments for or on account of the child" under 22 Pa.Code § 11.19(a) are limited to "public" payments; that the phrase "maintenance on public or *private* health insurance" does not provide an inference that private child support payments are not "personal compensation or gain"; and that the fact that Appellant's receipt of public assistance or Temporary Assistance for Needy Families was contingent upon her receipt of child support payments does not carve out an exception for Jose. It rejected Appellant's argument that the School Board's adjudication violates the Fourteenth Amendment by creating two classes of children without any rational basis: children residing with a caretaker who receives legally mandated child support payments and children residing with a caretaker who does not receive such payments. The court stated that permitting a child living with "whomever" and receiving legally mandated child support to enroll in the School District would not serve the purpose of Section 1302 of the School Code to prevent district shopping and would drain the School District's resources. Trial Court's Opinion, p. 8.[1]

## II

■ Appellant argues that she established Jose's entitlement to attend school

---

1. The Court's review of the board of school directors' adjudication is limited to determining whether constitutional rights were violated, an error of law was committed or

necessary findings of fact are supported by substantial evidence. *Haas v. West Shore School District,* 915 A.2d 1254 (Pa.Cmwlth. 2007).

in the School District under Section 1302 of the School Code and 22 Pa.Code § 11.19. She submits that as sole caregiver she provides full maintenance and support for Jose as if he were her own child; that Section 1302 is intended to enable children living with a caregiver in an alternative family arrangement to attend school in a school district where the caregiver resides; that the caregiver, as any parent, is entitled to receive payments to cover child care expenses; and that she has a right to choose not to be Jose's legal guardian to preserve his relationship with his father. In addition, the trial court's interpretation of 22 Pa.Code § 11.19 would conflict with Section 1302 of the School Code, which makes no distinction between public and private payments. Appellant cites 26 U.S.C. § 71(c)(1), which exempts child support from taxation, and the Department of Education's "Basic Education Circular," incorporating the "Guidelines for Reasonable Information to Substantiate Sworn Statement by Resident Under 24 P.S. § 13–1302," which list a "[c]opy of completed county form transferring child support payments to resident" as a document substantiating a resident's support of a child gratis.

Appellant argues alternatively that the trial court failed to consider all relevant factors to determine whether she supported Jose gratis as if he were her own child. She claims that the trial court's interpretation of Section 1302 of the School Code and 22 Pa.Code § 11.19 differentiating between two classes of children is not rationally related to the end of preventing district shopping and must be subject to strict scrutiny because it burdens parents' fundamental right to make decisions re-

garding the care, custody and control of their children.

The School District argues in response that Jose has no right to attend school in the School District because Appellant is not his legal guardian: she receives child support payments and therefore does not support Jose gratis as if he were her own child. The School District stresses that "other payments for or on account of the child" under 22 Pa.Code § 11.19(a) are restricted to "public payments," that the Basic Education Circular expired in June 2005 and that Appellant waived her constitutional argument due to her failure to raise it before the trial court. Also, she did not try to enroll Jose in other schools or to seek a tuition waiver from private schools, and the School District would welcome Jose if Appellant became his legal guardian. In her reply brief, Appellant notes that although the Basic Education Circular has a 2005 expiration date its guidance is still relevant and that she raised her constitutional argument in the Pa. R.A.P.1925(b) statement.

Section 1301 of the School Code, 24 P.S. § 13–1301, provides that "[e]very child, being a resident of any school district, between the ages of six (6) and twenty-one (21) years, may attend the public schools in his district, subject to the provisions of this act." While a child is considered to be a resident of the school district where the child's parents or guardian reside, Section 1302(a) also allows a child to enroll in the school district where a resident, other than parents or a guardian, keeps the child in his or her home supporting the child "gratis as if [the child] were his [or her] own." [2]

It is well established that words and phrases in a statute must be construed according to rules of grammar and their

---

**2.** The trial court stated: "If Jose and his grandmother wish to be entitled to a free education, they must alter their relationship

in conformity with the law.... Appellant's purposeful refusal to avail herself of possible remedies [i.e., becoming Jose's guardian] has

common and approved usage. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a); *Educ. Mgmt. Servs., Inc. v. Department of Education*, 931 A.2d 820 (Pa.Cmwlth.2007). This rule applies as well in interpreting undefined terms in administrative regulations. *Martin Media v. Department of Transportation*, 163 Pa.Cmwlth. 360, 641 A.2d 630 (1994). It is presumed that the Legislature does not intend a result that is absurd. 1 Pa.C.S. § 1922(1); *Bowser v. Blom*, 569 Pa. 609, 807 A.2d 830 (2002).

Black's Law Dictionary 721 (8th ed.2004) defines the term "gratis" as "[f]ree; without compensation." Webster's Third New International Dictionary 992 (2002) similarly defines "gratis" as being "without charge or recompense: free." Adopting the plain meaning of gratis, 22 Pa.Code § 11.19(a) provides that a nonresident child is entitled to attend public schools in the school district if a resident fully maintains and supports the child in his or her home "without personal compensation or gain." Compensation means "[r]emuneration and other benefits received in return for services rendered; esp., salary or wages." Black's Law Dictionary 301 (8th ed.2004). Adopting the plain meaning of gratis, it is clear that the trial court mischaracterized the child support payments received by Appellant as compensation to reach its erroneous conclusion that she did not support Jose gratis as if he were her own child. Parents are liable for support of their children who are unemancipated and 18 years of age or younger, 23 Pa.C.S. § 4321(2), and parents must provide for reasonable expenses of raising their children. *Litmans v. Litmans*, 449 Pa.Super. 209, 673 A.2d 382 (1996). The order imposed against Jose's mother was for payment of child support to fulfill her obligation to provide child care expenses for Jose, not to compensate Appellant for her services.

Furthermore, Appellant was required to seek child support from Jose's parents under 55 Pa.Code § 187.23(b), which provides that "[a]s a condition of eligibility for cash assistance, every applicant or recipient seeking or receiving cash assistance on behalf of an unemancipated minor child shall ... cooperate in obtaining support from an LRR [legally responsible relative] for the unemancipated minor child, unless the applicant or recipient establishes good cause for failing to do so." The School Board found that an additional document submitted by Appellant (Certification of Cooperation) demonstrated that she had complied with the Department's requirement that she pursue child support against Jose's mother, although she refused to do so against his father. School Board's Adjudication, p. 3. Appellant's receipt of public assistance is not deemed personal compensation or gain, *see* 22 Pa.Code § 11.19(a), and it would be absurd to conclude that the child support payments represent personal compensation when Appellant was required to seek the payments in order to receive public assistance.

The trial court further reasoned that the child support payments are private payments and therefore represent personal compensation or gain under 22 Pa.Code § 11.19(a). Section 11.19(a), however, does not provide that *only* public payments referred to therein may not be considered personal compensation or gain, and Section 1302(a) of the School Code makes no distinction between public and private payments. It is fundamental that "an administrative agency is authorized to

led to this action, not a matter of statutory interpretation." Trial Court's Opinion, p. 6. Appellant, however, sought to enroll Jose in the School District school based on her sup-

port of Jose gratis as if he were her own child, not based on guardianship. Her failure to seek guardianship, therefore, is irrelevant.

prescribe rules and regulations only to the extent of carrying into effect the will of the Legislature as expressed in a statute." *Harrisburg Area Community College v. Pennsylvania State Employees' Retirement System*, 821 A.2d 1255, 1261 (Pa. Cmwlth.2003). Under the trial court's interpretation, Section 11.19(a) would exceed the scope of regulations authorized by Section 1302(a) of the School Code.

The School District relies on *Brenner ex rel. Johnson v. West Shore School District*, 780 A.2d 726 (Pa.Cmwlth.2001), to support its position. In *Brenner* the school district informed the child's grandparents that the child must immediately withdraw from the school district and enroll in the district where her parents resided. Although the child stayed with the grandparents four to five nights per week during the school year, the parents provided substantial support for the child including, among other things, health insurance, a bedroom and food and clothing, and they declared the child as a dependent on their state and federal tax returns. The child's mother also drove the child to school. The Court stated that "[t]o support a showing of supporting the child gratis, the proponent must present evidence that the guardian is doing more than merely not receiving payment for keeping the child in the guardian's house." *Id.* at 730. The Court agreed with the trial court that while the grandparents maintained significant involvement with the child, the parents' involvement in the child's daily needs undermined the grandparents' claim that they supported the child gratis as if she were their own.

The case *sub judice* is clearly distinguishable from *Brenner.* Unlike the parents in *Brenner,* Jose's parents are not involved in any of Jose's daily needs, and his mother provides only minimal child support. Jose's father is incarcerated, and his mother resides out of state. Appellant is Jose's sole caregiver and provides all of his daily needs. She continuously supports him throughout the year, not merely during the school term, and she assumes all responsibilities for meeting school requirements and for making education-related decisions in the absence of Jose's parents. Stipulation, ¶ 9; R.R. at 8a. The *Brenner* holding, therefore, does not support the School District's position.

The purpose of Section 1302 of the School Code is to prevent district shopping. *See Paek v. Pen Argyl Area School District*, 923 A.2d 563 (Pa.Cmwlth.2007). The evidence fails to establish, and the School District does not suggest, that Appellant was engaged in district shopping when she sought to re-enroll Jose in the School District. Because Appellant established Jose's entitlement to receive free school privileges in the School District, the Court concludes that the trial court committed an error of law and accordingly reverses its order.[3]

Judge COHN JUBELIRER concurs in the result only.

### ORDER

AND NOW, this 19th day of May, 2008, the Court reverses the order of the Court of Common Pleas of Monroe County.

---

**3.** Due to the Court's conclusion that the trial court misinterpreted Section 1302 of the School Code and 22 Pa.Code § 11.19 in determining Jose's eligibility to enroll in the School District, it is unnecessary to address Appellant's argument that those provisions, as interpreted by the trial court and the School Board, violate the Fourteenth Amendment or to address the School District's argument that Appellant waived that issue.